PATRICK MORRIS *v.* WILLIAM M. REDFIELD.

*Book account. Special contract. ˋAcquiescence. Payment.*

In an action to recover for labor, performed under a contract special as to the price of the labor, by the day, it is competent for the defendant to prove, for the purpose of reducing the amount of the recovery, that the plaintiff was unfaithful and indolent, by reason of which his wages should be reduced below the stipulated price.

Whether the defendant, in such case, is bound by his acquiescence in the manner in which the plaintiff performed his labor, so as to preclude him from insisting upon any reduction of the plaintiff's wages, cannot ordinarily be determined as a question of law,—certainly not, unless the facts are minutely detailed upon the bill of exceptions.

But to the extent, to which the defendant pays the plaintiff for his labor, in such case, the defendant is bound; and he cannot recover back any portion of the amount so paid.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts as follows.

The plaintiff's account was for labor performed for the defendant, under a contract made with one Ecker, the defendant's agent. The plaintiff represented to Ecker, that he had been at work for one Chandler, and that Chandler had paid him $1,75 per day; and Ecker said to the plaintiff, that the defendant expected to pay for labor what Chandler paid. The plaintiff commenced laboring for the defendant in March, 1848, and Ecker entered the labor upon the defendant's books at $1,75 per day, except the two last entries, one, for ·

Morris *v*. Redfield.

twenty-three days, and one for thirteen days, which were carried out in pencil marks at $1,50 per day. These entries, at $1,75 per day, were made upon the supposition, that Chandler paid to the plaintiff that sum ;—but this supposition was founded wholly upon the plaintiff's representations. Chandler in fact paid to the plaintiff $1,50 per day. This conversation between Ecker and the defendant was several days after the plaintiff had commenced work for the defendant. The plaintiff was a stone cutter, and worked for the defendant at that employment. During the first four or five weeks of his work he did very well, but after that time he was occasionally intoxicated, and became unsteady and unfaithful in the service of the defendant. His labor, for the first thirty one and a half days of his employment for the defendant, was worth $1,50 per day, but his labor for one hundred and eleven days, afterwards, was not worth more than $1,25 per day. The account, both debit and credit, was kept upon the defendant's book ; and on the thirteenth of July, 1848, the account was posted, and the balance in favor of the plaintiff, which was $13,14, was carried to a new account; but no settlement was made by the parties. The plaintiff frequently saw the defendant's book, and knew that he was credited $1,75 per day, and expected to receive that sum ; and Ecker expected to pay him that sum, until he learned, that Chandler paid him only $1,50 per day. It did not appear, that any notice was given to the plaintiff, that his wages were to be reduced, until the time when the parties attempted to make a settlement, after the plaintiff had completed his work. The defendant made payments to the plaintiff, upon account, from time to time during the continuance of his labor. The auditor, allowing to the plaintiff what his labor was worth, as above stated, found due to the defendant from the plaintiff $27,87, but reported that if the plaintiff was entitled to recover at the rate of 1,75 per day, there was due to him from the defendant $50,76; and he referred to the court the question as to the legal rights of the parties, upon the facts stated.

The county court, November Adjourned Term, 1849,—HALL, J., presiding,—rendered judgment for the defendant for the sum reported by the auditor. Exceptions by plaintiff.

*Thrall & Smith* for plaintiff. ·

The plaintiff is entitled to recover what the defendant contracted to pay him, notwithstanding the auditor finds his work was worth a much less sum. *Williams* v. *Hicks,* 2 Vt. 36. It is of no importance, what representations the plaintiff made to the defendant, as to what Chandler had· paid him, to induce the defendant to agree to pay him $1,75 per day. If these representations were untrue, it would not alter or vitiate the contract. *Williams* v. *Hicks,* 2 Vt. 36. 1 Salk. 211. 12 East 136. *Vernon* v. *Keyes,* 4 T. R. 488. 2 Stark. Ev. 467. Anth. N. P. 87.

*C. L. Williams* for defendant.

In the absence of a contract to pay a larger sum, the plaintiff would be only entitled to the value of his services, upon a *quantum meruit.* There was no contract between the parties at or previous to the time, when the plaintiff commenced work; for the case shows, that it was not until several days after that, that the conversation between the plaintiff and the defendant's agent took place, and the entry in the defendant's books was subsequent to this; and these are the only two occurrences, from which a contract as to price is attempted to be established. Neither of these amounted to a contract to pay $1,75 *per* day. The entry of that sum in the defendant's book and the expectation of his agent were procured wholly by the false and fraudulent representations of the plaintiff. The case does not show any contract to pay $1,50 *per* day; but if there had been such contract, there would have been an implied condition, that the plaintiff should be faithful and steady in the defendant's service, and any loss, sustained by the defendant in consequence of the plaintiff's unsteadiness, should be deducted from the contract price. *Moulton* v. *Trask,* 9 Met. 577.

The opinion of the court was delivered by

REDFIELD, J. We understand the auditor to have found, substantially, that there was no absolute contract as ·to the price of the labor done by the plaintiff, but, at most, to give what Chandler gave the plaintiff, that being $1,50 *per diem.* This being so, we do not see, how the plaintiff can expect to recover more, as the auditor expressly finds, that his labor was worth no more than $1,50 at the most.

XXIII. 38

---

Smith et al. *v.* Allen et al.

---

If, then, we treat the finding of the auditor as amounting to a special contract to pay $1,50 *per* day, still it is competent for the defendant to show, that the plaintiff was unfaithful, or indolent, by reason of which his wages should be reduced below the stipulated price. And this we understand to be the ground stated by the auditor for only allowing $1,25 for most of the work.

It is said, that the defendant is bound by his acquiescence in the manner of the plaintiff's performing his work. That must depend so much upon circumstances, which are not detailed here, that it is impossible to determine it, in most cases, as matter of law,—certainly, unless the facts are minutely detailed. Neither the defendant, nor his chief clerk, might have been fully aware of the plaintiff's defaults, until near the close of his labor ; and, if so, they might have been in such stress of necessity for that kind of labor, as to justify their hoping, to the last, that he would do better ; so that it is impossible for us to know, that the defendant should be bound, by his acquiescence, to the full extent.

But to the extent of what he actually paid the plaintiff for his labor, we think he should be bound. There is no reason whatever to suppose, that the plaintiff expected he was taking goods, or money, on credit, of the defendant, or that the defendant so considered the matter.

Judgment reversed, and judgment for the defendant for his costs in the county court, deducting the plaintiff's costs in this court.