### SMITH & NELSON v. BRISTOL.

1. **Contract: FOR BUILDING: DAMAGES.** Where, in an action to recover on a contract for the construction of a building, the defense was that the work was not done according to the contract, and damages were claimed by reason thereof, it was *held*, that the refusal of the court to instruct the jury that the measure of defendant's damages would be what it would cost to procure the work necessary to be done to make the building conform to the contract, was not erroneous.

2. —— PRESUMPTION AS TO MANNER OF WORK. Where in such case the contract fails to specify the manner in which the work is to be done it will be held as matter of law, that it was to be done in a workmanlike manner; and the fact that the price agreed to be paid was grossly inadequate, will not modify the rule.

3. —— QUANTUM MERUIT. Nor would the fact that the defendant saw the work done without objection and had been benefited thereby, enable the plaintiff to recover on the contract. His remedy in such case would be on the *quantum meruit* for the value.

4. —— PLEADING: INSTRUCTION. An instruction touching the validity of the contract upon a point not involved in the issues presented by the pleadings, is erroneous.

*Appeal from Bremer Circuit Court.*

MONDAY, DECEMBER 11.

ACTION by house carpenters to recover balance claimed to be due on a contract for building an addition to a house. Defense, defective and unskillful work, and that plaintiffs had not completed their contract. Defendant also sets up a counter-claim for defective and unworkmanlike work, etc. Trial to a jury, which found a verdict of five dollars for the defendant. Judgment being entered thereon, the plaintiffs appealed.

*G. C. Wright* for the appellants.

No appearance for the appellee.

COLE, J. — The errors assigned relate to the instruction given and refused. The plaintiffs asked the court to

**1. CONTRACT: for building: damages.** instruct the jury that the measure of defendant's damages will be what it will cost to procure to be done the work necessary to make the building conform to the terms of the contract. This was refused. If the building simply lacked certain particular items in order to complete it, the rule of damages as asked would amount to the general rule, that plaintiffs are entitled to recover for their work done according to the contract, at the contract price, and are held for the damages consequent upon their failure to complete it. But the difficulty with plaintiffs' rule, as asked, when applied to this case is, that here the work done was not done (as the defendant claimed, and the proof tended to show) according to the contract. So that the rule asked could not be properly applied to this case, if, indeed, it is ever the true rule. There was no error in refusing it.

The contract was on the part of plaintiffs to do the work, nothing being specified as to the *manner* in which it

**2. —— presumption as to manner of work.** should be done. The court held, that as a matter of law, it was to be done in a workmanlike manner. The plaintiffs asked the court to instruct the jury, that, if they found the price grossly inadequate, they should consider that in determining the quality of the work. This was refused, and under the circumstances of this case, properly so. The plaintiffs sue upon the contract, and make no averments as to the inferior quality of the work to be done under it. They have no allegation making the modification of the general rule, as stated by the court, applicable to their case, even if it is ever applicable.

The plaintiffs also claimed that if the defendant saw the work done without objection, and had been benefited, the

**3. —— quantum meruit.** plaintiffs are entitled to recover. Of course they are entitled to recover, but not the con-

tract price; the value only, and this is what the court held. The work being a part of his realty, as it was done, he could not but accept it, whether he object or no.

The court instructed the jury that, if the contract was made on Sunday, it was void, and the plaintiff could not recover thereon. This instruction was excepted to by plaintiffs. There was no issue made by the pleadings in relation to the invalidity of the contract as being made on Sunday, or for any other reason; nor was the matter referred to in the evidence, except incidentally. It was error, therefore, to give the instruction to the jury; it must have operated as a surprise upon the plaintiffs, as they complain it did, and may have been the point upon which the jury found against them. We do not stop to discuss the question of its correctness; for whether correct or not, it was error to give it in this case under the issues made by the pleadings.

4.——pleading: instruction.

Reversed.