### Roger Jones vs. Julius A. Town.

### October 3, 1879.

Notice to Sheriff before Suit.—Where, upon process against A., an officer takes B.'s goods, of which he is in possession through A. as a mere custodian, in his capacity as B.'s clerk, it is not necessary for B., as a foundation for an action against the officer for the taking, to make and serve the affidavit provided for in Gen. St. c. 66, § 137.

Charge—Facts in dispute.—Instructions to a jury requested are properly refused, when they assume as facts matters open to dispute.

Evidence *held* sufficient to sustain the verdict.

The defendant, as sheriff of Nobles county, by virtue of a writ of attachment issued in an action brought by Charles P. Kellogg and others against James R. Jones, took possession of a stock of dry goods and boots and shoes, as the property of James R. Jones. Thereupon, the plaintiff in this action made and served on the defendant an affidavit stating that he was the "sole, absolute and unqualified owner, and entitled to the possession and entire control" of the property attached, and that such property "was purchased by deponent, for a full, valuable and adequate consideration, through his agent

and clerk, James R. Jones, of various merchants at St. Paul in Minnesota and Sioux City in Iowa." The affidavit contained a further statement that it was "made in pursuance of sections 137 and 138, of chapter 66, of the General Statutes of Minnesota," and a demand for the possession of the property, and a release of the attachment. This demand not being complied with, the plaintiff brought this action in the district court for Nobles county, to recover possession of the property. The defendant justified under the attachment, denied plaintiff's title, alleged that the property when seized was in the possession of James R. Jones, and that plaintiff's title was founded on a pretended sale and assignment of the property by James R. Jones, which was fraudulent as to the creditors of the assignor.

At the trial, before *Dickinson, J.*, James R. Jones was called as a witness for plaintiff, and testified that he was plaintiff's son; that some of the goods had been bought in Sioux City and St. Paul, by plaintiff, or by the witness as his clerk, and had been paid for by plaintiff, and that the remainder had formerly been part of the stock in trade of the witness, and had been sold by him to the plaintiff in payment of a debt. He also testified to the circumstances attending such sale to the plaintiff, and the subsequent possession, and that, since the sale, he had been in charge of the goods, acting as clerk for his father. His cross-examination was directed to showing the alleged fraudulent nature of the sale, the want of any change of possession, and a continuance of possession in the witness down to the time of the attachment. The defendant testified that "the goods, when attached, were in the possession of James R. Jones," and no other witnesses were called.

The defendant requested the court, in substance, to charge the jury (1) that as to the goods not bought at St. Paul or Sioux City, the plaintiff cannot recover, not having made the affidavit required by Gen. St. c. 66, § 137; (2) that the plaintiff was estopped from claiming any of the goods under any other title than that stated in his affidavit; (3) that the sale

by James R. Jones to plaintiff, not having been followed by actual and continued change of possession, was presumptively fraudulent, and that the plaintiff must show not only an actual sale, but that such sale was made in good faith, and without intent to defraud creditors. These instructions were all refused, the defendant excepting. The jury found for the plaintiff, a new trial was refused, and the defendant appealed.

*Thomas J. Knox,* for appellant.

*Clark & Soule,* for respondent.

BERRY, J.  Defendant's first point is that the verdict is against the weight of evidence; but there is certainly evidence in the case reasonably tending to support it, and, where this is so, this court does not inquire what the weight of evidence is. We think there is evidence in the case from which the jury would have been warranted in inferring that the sale by James R. Jones to the plaintiff was made in good faith, in payment of a just indebtedness of the former to the latter, and without any fraudulent intent as respected the former's creditors.

The defendant's first and second requests for instructions to the jury were properly refused, because, upon the evidence, it was an open question whether the goods, at the time they were levied upon by the defendant, were not in the possession of the plaintiff, James R. Jones being a mere custodian of that possession, in his capacity as the plaintiff's clerk.  If the plaintiff was in possession, it was not necessary for him, as a foundation for this action, to make and serve an affidavit, (as he in fact did,) under Gen. St. c. 66, § 137. *Barry* v. *McGrade,* 14 Minn. 163; *Butler* v. *White,* 25 Minn. 432. If he was thus in possession, the affidavit would be superfluous; and if (as the defendant claims) some of its statements were untrue, there would be no ground upon which the defendant could found any estoppel upon them, for it in no way appears that he has done or refrained from doing anything on their account.  So far as we can see, the only value of the affidavit to defendant would lie in his right to use it as

declaration by plaintiff somewhat at variance with the testimony upon the trial.

Defendant's third request was properly refused, because it assumes as a fact something which, upon the evidence, was open to dispute, viz., that the sale by James R. Jones to the plaintiff was not followed by actual and continued change of possession.

Judgment affirmed.

GILFILLAN, C. J. I concur, although not for the precise reasons given in the foregoing opinion.