GRACE SPOON and Another v. A. J. FRAMBACH.[1]

May 24, 1901.

Nos. 12,616—(110).

### Action for Conversion.

The defendant, by virtue of a conditional sale note, which was assigned to him, took from the possession of the plaintiffs the property therein described. *Held*, in an action for the conversion of the property by the defendant:

### Revenue Stamp.

1. That the omission to place upon a written instrument the proper internal revenue stamp, and cancel it, does not render it inadmissible in evidence in a state court, unless the omission was fraudulent.

### Assignment.

2. The assignment of the note carried with it all of the payee's rights to the property.

### Tender.

3. A tender made after the defendant had taken possession of the property was insufficient, because it was not for the full amount of the purchase price then due.

### Verdict.

4. The trial court, upon the undisputed evidence, correctly directed a verdict for the defendant.

Appeal by plaintiffs from an order of the district court for Watonwan county,. Cray, J., denying a motion for a new trial. Affirmed.

*W. S. Hammond,* for appellants.

*Hopkins & Farmer* and *Seager & Lobben,* for respondent.

START, C. J.

Action for conversion. The complaint alleged that the plaintiffs, on November 14, 1899, were the owners and in the possession of seven cows and three heifers of the aggregate value of $320, and that the defendant then took them away, and converted them to his own use. The answer was a general denial. At the

[1] Reported in 86 N. W. 106.

close of the evidence the trial court directed a verdict for the defendant, and the plaintiffs appealed from an order denying their motion for a new trial.

The undisputed evidence established these facts: The cattle in question were sold to the plaintiffs for $340 by Mrs. Addie Cary, and a conditional sale or chattel mortgage note therefor was given by them to her for $349.50. The note was dated August 13, 1898, and thereby the plaintiffs, for value received in the cattle, promised to pay to the order of Mrs. Cary, on or before October 1, 1898, $60, and thereafter $10 on the first day of each month until the sum of $349.50, with interest at eight per cent. per annum, was fully paid. The note also contained an agreement to the effect that the title to the cattle should not pass to the plaintiffs until the note was paid in full; that the payee or her agent should be authorized to collect the note whenever she deemed herself insecure before its maturity, and that she might take possession of the cattle, and sell them and apply the proceeds, less costs of sale, to the payment of the amount then remaining unpaid on the purchase price. The plaintiffs did not affix to the note a revenue stamp, and cancel it. Mrs. Cary assigned the note to the defendant. The plaintiffs paid on the note, prior to November 14, 1899, the sum of $153, and no more; and on that day the defendant, claiming the right to do so by virtue of the note, took the cattle from the possession of the plaintiffs, and sold them on December 5, 1899. The plaintiffs, a week after the defendant took possession of the cattle, and before the sale thereof, tendered to him $20.10, and demanded the return of the cattle. The demand was refused. The plaintiffs, however, do not concede that only $153 had been paid at the time stated. The record shows that the defendant's counsel stated on the trial that: "There is no controversy but what the payments were made all right up to the October payment." It is here urged by the plaintiffs that this is an admission that all the payments due on the note had been made at the time the cattle were taken, except the payments for October and November, 1899, and, in any event, there was only the sum of $20 due and unpaid at that time; hence the tender was sufficient. It is not clear what the purpose of counsel was in making the statement,

but it does appear from the record that the plaintiffs did not rely on the statement, for they proceeded, and made proof of all payments that they claimed to have made on the note at any time. No claim was made by them on the trial that they had paid on the note more than $153. The testimony of the plaintiff, Mrs. Spoon, who made the payments, on this point, was this:

"Q. Then you have paid on this note, Exhibit A, what these receipts that have been admitted in evidence here show, and ten dollars besides? A. Yes. Q. Ten dollars more than that? A. Yes. Q. And that is all that you have ever paid? A. That is all I have paid. Q. And the balance, then, on Exhibit A, remains unpaid? A. Yes."

The aggregate of the receipts was $143, making the total payments $153 only. By the terms of the note, payments to the amount of $180 had matured thereon at the time the cattle were taken, leaving a balance of $27 then due, besides accrued interest. The plaintiffs also claim that the date of maturity of the monthly payments on the note was changed by subsequent agreement from the first to the twentieth of each month. The evidence is not sufficient to justify a finding that such was the case. Besides, it is immaterial, for the tender was not made earlier than November 20, when there was at least $27 due on the note; and the tender, conceding one could be made after the property had been taken, was clearly insufficient.

It is further urged on behalf of the plaintiffs that the court erred in receiving the note in evidence, because the plaintiffs did not attach to it any internal revenue stamp. There is no claim that the stamp was omitted with any intent to defraud, and, were it otherwise, the plaintiffs could not take advantage of their own fraud; hence it was admissible in evidence. It is not competent for the federal congress to prescribe rules of evidence for the state courts, and it is only in cases where a stamp has been omitted from the written instrument with intent to defraud the revenue laws of the nation that state courts will decline to receive it in evidence. Cabbott v. Radford, 17 Minn. 296 (320).

Another alleged error urged is that the court erred in receiving in evidence the assignment of the note by the payee to the defend-

ant, because, by the terms of the note, the payee or her agent, not her assigns, was alone authorized to take possession of the property, and sell, and apply the proceeds thereof to the payment of the purchase price of the property. The assignment transferred the payee's title to the property to the defendant with all the rights and remedies of the payee stipulated for in the note. Therefore the assignment was properly received in evidence.

The remaining assignments of error relate to the rulings of the trial court in excluding certain offered evidence. We have examined them, and find the rulings correct. Upon the whole record our conclusion is that the court correctly directed a verdict for the defendant.

Order affirmed.