### W. A. VAN NORTWICK V. GOTTLIEB K. HOLBINE.

FILED JUNE 19, 1901.   No. 9,983.

1. **Negligence:** IMMATERIAL ALLEGATION: REPRESENTATION. In an action to recover damages for negligence in threshing grain, an averment that the thresher represented he had a good machine and could, and would, do a good job, is immaterial and need not be established by proof.

2. **Labor:** CONSIDERATION: TOOLS: IMPLIED REPRESENTATIONS. One who undertakes for a consideration to do work requiring special skill, impliedly represents that he possesses, and will exercise, such reasonable degree of skill as the nature of the service may require; and if he is to furnish his own tools, implements or machinery, there is an implied representation as to their fitness for the use to which they are to be put.

3. **Instruction.** An instruction which, without warrant, assumes the possible existence of a material fact, is erroneous.

ERROR from the district court for Dawson county. Tried below before SULLIVAN, J. *Reversed.*

*E. A. Cook,* for plaintiff in error.

*George C. Gillan, contra.*

SULLIVAN, J.

This was an action by Gottlieb K. Holbine against W. A. Van Nortwick commenced in the county court for Dawson county and removed thence by appeal. The petition filed in the district court, in substance, alleges that there is due to the plaintiff from the defendant the sum of

$106.44, with interest, for threshing wheat and millet in 1896. After admitting that the threshing was done as alleged in the petition, and that the plaintiff had been employed to do the work on the faith of his representations that he had a good machine and could, and would, do a good job, the answer continues as follows: "That the plaintiff did not do the defendant a good job of threshing, but negligently, carelessly and improperly done the threshing of the defendant, and by the negligent and careless manner in which the plaintiff operated the engine and thresher when doing said threshing, and by means of over-feeding during said time, the grain of this defendant was largely wasted by being run through said thresher unthreshed, and that large quantities of said grain that was threshed was run over and into the straw." The reply denies in general terms the facts constituting the counter-claim. The jury found in favor of the plaintiff for the full amount of his claim, and judgment was rendered on the verdict.

The giving of the third instruction was excepted to, and is now alleged as error. By this instruction the jury were told that they should find for the plaintiff and reject the counter-claim entirely, unless the defendant had satisfied them "by a preponderance of the evidence that plaintiff represented to defendant that he could and would do defendant a good job of threshing, and that defendant relied upon said representations and promises in letting the said work to plaintiff." Under the rule here laid down by the court the defendant could not succeed in the action without showing to the satisfaction of the jury two facts which he was under no legal obligation to prove. The doctrine of the authorities upon this point is that one who undertakes for a consideration to perform a particular service, impliedly represents that he possesses, and will exercise, such reasonable skill as the nature of the service may require; and if he is to furnish the tools, implements or machinery with which the work is to be done, there is also an implied representation that they are rea-

sonably fit and suitable for the purpose for which they are to be used. *McDonald v. Simpson,* 4 Ark., 523; *Norris v. Cargill,* 57 Wis., 251; *Ely v. Wilbur,* 49 N. J. Law, 685; *Morris v. Redfield,* 23 Vt., 295; *Craig v. Chambers,* 17 Ohio St., 253; *Smith v. Bristol,* 33 Ia., 24; *Chase v. Heaney,* 70 Ill., 268; *Thomas Fruit Co. v. Start,* 107 Cal., 206; *Murray v. Warner,* 55 N. H., 546; Bishop, Contracts, sec. 1416; 15 Am. & Eng. Ency. Law [2d ed.], 1095; 2 Parsons, Contracts, 54. The third instruction was clearly erroneous, and, from an inspection of the whole record, we are not able to say that it was not prejudicial. The jury may have found that Holbine did not represent "that he could and would do defendant a good job," or they may have found that the defendant did not rely upon those representations. These matters were immaterial, and they should not have been permitted to influence, in any way, the decision of the case. The only issuable averment of the answer is the one charging negligence.

In the fourth instruction the jury were told that they might, in determining the question of negligence, take into account "the amount and quality of help furnished by the defendant to assist the plaintiff, and force connected with him, in the operation of the machine." This instruction suggests the idea that the defendant may have been in some degree to blame for the failure of the machine to do good work. There is no evidence to which it is applicable and it should not have been given.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.