OESTERREICH v. CITY OF DETROIT.[1]

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES—CONTRIBUTORY NEGLIGENCE.
    It is not negligence per se for one knowing of defects in a sidewalk to attempt to pass over it.

2. SAME—EVIDENCE—SUFFICIENCY.
    In an action for injuries to a pedestrian by a defect in a city sidewalk, evidence reviewed, and held insufficient to show plaintiff's contributory negligence as a matter of law.

3. SAME—CONTRIBUTORY NEGLIGENCE.
    Where a pedestrian was injured by the tipping up of a plank which was a part of a defective sidewalk, the fact that she might have seen and avoided holes in the walk was insuffici-

[1] Rehearing denied October 27, 1904.

ent to render her chargeable with negligence in failing to discover that the plank on which she stepped would tip up and cause her injury.

4. SAME—NOTICE OF CLAIM—SUFFICIENCY.

Notice to municipal officers of a claim for personal injuries is sufficient if it describes the time, place, cause, and nature of the injury in general terms.

5. SAME—STATUTE—CONSTRUCTION.

The statute requiring that notice of a claim for personal injuries be served on a municipal corporation before suit, being in derogation of a common right, is strictly construed.

Error to Wayne; Donovan, J. Submitted May 17, 1904. (Docket No. 117.) Decided July 27, 1904.

Case by Anna M. Oesterreich against the city of Detroit for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Palmer & Palmer*, for appellant.

*P. J. M. Hally* (*T. E. Tarsney*, of counsel), for appellee.

The notice referred to in the opinion is as follows:

"Hon. TIMOTHY E. TARSNEY,
        "Corporation Counsel,
                "Detroit, Mich.

"*Dear Sir:* In accordance with the statute, you are hereby notified that the undersigned suffered an injury by reason of a defective sidewalk situate within the limits of the city of Detroit.

"The accident was suffered by me on Thursday, April 17, 1902, between 8 and 10 o'clock in the evening, on the north side of Biddle street, between Twenty-Seventh street and Vinewood avenue, at a point about 100 feet westerly of Twenty-Seventh street.

"The cause of the injury was a defect in the sidewalk laid along said Biddle street at said place.

"The injury suffered was a severe wrench, sprain, and bruise of the hip and back, together with other internal injuries.                    Mrs. ANNA OESTERREICH.

"Dated Detroit, June 14, 1902."

MONTGOMERY, J.   This action is brought to recover damages sustained by the plaintiff while walking over a defective sidewalk in Biddle street, in the city of Detroit. The circuit judge directed a verdict for the defendant on the ground that the plaintiff was shown by her own testimony to be guilty of contributory negligence.

The first question for consideration is, therefore, whether the plaintiff's own testimony conclusively shows that she took a risk which no ordinarily prudent person would have taken under the circumstances, or neglected that care for her own safety which the law requires.   Her testimony shows that the walk in question was in bad condition, in that there were numerous holes in it, and was known to be in this condition by the plaintiff; that on the evening in question, about 8:30, she returned from shopping in the city, alighted from a car, and started to travel over the walk in question, having her child, 1½ years old, in her arms, and carrying a half dozen eggs.   The plaintiff might have avoided the sidewalk where the injury occurred by going across lots through a path, but she testified that she did not consider it safe to do so at that time in the evening.   Surely she cannot be charged with negligence for acting upon such motives as would without doubt influence most women similarly situated.   It is not negligence per se for one knowing of defects in a sidewalk to attempt to pass over it.   *Vergin* v. *City of Saginaw,* 125 Mich. 499 (84 N. W. 1075), and cases cited.   Was the plaintiff's injury due to inattention to known dangers ? She testified as follows:

" I kept an eye on the sidewalk as carefully as I could with the child in front of me.   I couldn't see just where I was stepping.   I could have seen a hole if I had been looking at it.   It was big enough to see.

" *Examination by the Court: Q.* Was it light enough that night, so that, if you had been looking along the footpath pretty closely, you could have seen the holes, or was it dark enough to obscure the holes ?

" *A.* Well, it wasn't so pitch dark, but not so dreadfully light along there.

"*Q.* What would be your judgment about that, so that, after you had cast your eye down on the plank right along where you were walking, whether you could have seen the hole; was it sufficiently light?

"*A.* Well, I kind of think I could if I had not been carrying anything.

"*Q.* You paid very considerable attention to distinguish holes at night?

"*A.* Yes.

"*Q.* Considerable attention?

"*A.* Yes.

"*Q.* Was there anything to attract your attention— like the blowing of a train whistle, or anything of that kind—was there any crossing there that called your attention?

"*A.* No, sir."

And on being recalled testified as follows:

"I knew that the sidewalk was defective between Twenty-Seventh street and our house, but I never examined the particular boards. I fell at the board which you have letter 'A' on Exhibit B. I did not step into a hole. I was walking along, and the board tipped down, and then I fell into the hole. I did not know that the board would tip down. I never examined it for special defects. I knew that the hole in the sidewalk was bad. I knew that there were holes all through there. I do not think that I said this morning that I stepped into the hole. I did not step into the hole. I fell into it. If I said otherwise this morning, I was mistaken."

We do not think it can be said that this testimony shows want of due care as matter of law. If it be said that she might have seen the holes and avoided them, it does not follow that she was in fault in failing to discover that the plank upon which she stepped would tip up and cause her injury. The city attorney contends that the judgment should be sustained in any event, for the reason that the notice served on the corporation counsel was not sufficient in form. The claim is that it failed to state with sufficient certainty the cause of the injury. The charter provision relied upon was considered in *Tattan* v. *City of Detroit*, 128 Mich. 650 (87 N. W. 894), where a notice very

similar to the one given in this case was held to have suffi-
ciently described the time, place, and cause of the injury.
It was there said that the statute, being in derogation of
common right, should receive a reasonably strict construc-
tion.    We hold the notice in the present case adequate.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.