# MARGARET LARKIN v. CITY OF MINNEAPOLIS.[1]

October 28, 1910.

No. 16,756—(137).

**Statutory notice of personal injury.**

A notice of a personal injury from a defective sidewalk, given under the provisions of section 768, R. L. 1905, is *held* to contain a sufficient statement of the time, place, and circumstances of the accident. There was no substantial departure therefrom in the proof. Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879, distinguished, and Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449, followed and applied.

**Instruction to jury — erroneous assumption.**

An inaccurate statement of the facts of a case by the trial judge in his charge to the jury, which might have had an important bearing on the jury's view of the case, or an erroneous statement of the evidence upon the pivotal fact in the case, is ground for reversal. Instructions which assume the existence of material facts which are in dispute, are erroneous. The charge in the case at bar is *held* valid within this criterion.

Action in the district court for Hennepin county to recover $5,731 for personal injuries. The case was tried before John Day Smith, J., who, at the close of plaintiff's case, denied defendant's motion for a directed verdict on the ground that the evidence failed to establish a cause of action against defendant, and especially upon the ground that the notice required to be given by the plaintiff before suit was not in compliance with the law. At the close of all the testimony the court denied defendant's motion for a directed verdict on the ground that the notice given pursuant to R. L. 1905, § 768, failed to state or specify the circumstances, as required by law, of the injury for which compensation was demanded, and on the further ground that the evidence failed to establish any cause of action against defendant. The jury returned a verdict in favor of plaintiff for $2,500. From an order denying defendant's motion

[1] Reported in 127 N. W. 1129.

for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Frank Healy,* City Attorney, *A. C. Finney* and *Clyde R. White,* for appellant.

*John H. Steele* and *John P. Nash,* for respondent.

JAGGARD, J.

Plaintiff brought this action against defendant city to recover damages consequent on its negligence in maintaining the sidewalk crossing in a certain alley in a safe and proper manner. Plaintiff recovered a verdict of $2,500. Defendant appealed.

The principal controversy concerns the adequacy of the notice given to the city under section 768, R. L. 1905. That notice sufficiently stated the time and place, and then proceeded: "And that said injuries were caused at said place through the carelessness and negligence of said city in failing to maintain and construct in a safe and proper manner the sidewalk crossing said alley at said place, and in failing to remove therefrom the ice and snow which has accumulated and become bumpy, slanting, and slippery, whereby the undersigned while travelling on said sidewalk on said 5th St. was caused to fall."

The main contention of defendant city is that this notice advised the city of its negligence in failing to remove snow and ice; whereas, the proof showed that the injury was caused by the fact that plaintiff, walking along said sidewalk, was caused to fall by a broken and projecting flagstone. The city was notified of the charge of its negligence in two respects: (1) In failing to construct and maintain the sidewalk in a safe and proper manner; (2) in failing to remove accumulated snow and ice. It is true that no recovery could be had under the evidence for any falling due to the bumpy, slanting, or slippery ice or snow. The city was advised exactly where to look. It was advised that the accident was caused by an unsafe and improper sidewalk. Examination of that sidewalk under the present circumstances would have revealed all that a more particular and definite statement of the defect would have communicated. Techni-

cally the notice was imperfect; practically it gave the city the information the statute was designed to secure.

The statement concerning defendant's failure to maintain and construct in a safe and proper manner the sidewalk crossing is not as definite and certain as is desirable and is sometimes required. Noonan v. City, 130 Mass. 161; Dalton v. City, 131 Mass. 551; Maloney v. Cook, 21 R. I. 471, 44 Atl. 692; Gagan v. City, 106 Wis. 662, 82 N. W. 558. In each case, however, the sufficiency of the notice must depend primarily upon the language of the statute requiring it.

Section 768, R. L. 1905, requires merely that the notice state "the time, place and circumstances" of the injury complained of and the amount of compensation or other relief demanded. The construction which this court has in many instances placed upon this statute is familiar and obviously reasonable. The essential criterion is whether the notice gives the city officials such information that due investigation may be made to determine the truth and merits of the claims made. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449. "A notice of this character ought not to be construed with technical strictness." Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350. The notice is not a pleading, and the statutory requirements as to its validity should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. Tattan v. City, 128 Mich. 650, 651, 87 N. W. 894; Oesterreich v. City, 137 Mich. 415, 416, 100 N. W. 593; Buchmeier v. City, 138 Iowa, 623, 116 N. W. 695; Connor v. Salt Lake City, 28 Utah, 259, 78 Pac. 479.

The notice in Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879, closely resembles the one at bar. It was there, however, repeatedly stated that plaintiff in that case "received injuries to her person through slipping and falling and being thrown down while passing along upon and over the sidewalk. * * * That her slipping, falling, and being thrown down, and the injuries to her person above referred to, were caused by the defective and unsafe condition of the said sidewalk at the place above mentioned, and

by the negligence of the officers * * * of the said city in permitting said sidewalk to become and remain covered with snow and ice, and to become slippery, smooth, defective, and unsafe, and because of the fact that the said city * * * permitted persons to use said sidewalk for the purpose of * * * coasting thereon. * * * That * * * plaintiff was lawfully passing over said sidewalk. * * * In consequence of the defective, slippery, icy, smooth, and unsafe condition of said sidewalk, * * * a person, whose name is to her unknown, who was sliding, * * * collided with the plaintiff, and * *. * she was thrown down, and received severe and permanent injuries to her person." The proof showed that there was a dangerous hole in the sidewalk, into which plaintiff fell. It is obvious that the notices in the two cases differ substantially.

It was said in Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449, where a similar discrepancy between the notice and the proof was claimed: "The case was wholly unlike Olcott v. City of St. Paul, supra, in which the preliminary notice to the city apprised the municipal officers of the slippery condition of the sidewalk caused by the accumulation of the ice and snow, and, construed as a whole, did not complain of a defective condition of the sidewalk itself. In the action subsequently brought pursuant to that notice, the complaint proceeded upon the theory of a defect in the sidewalk, and that plaintiff was injured by one of his feet being caught in a hole therein. The court held that this was a material departure from the notice and no recovery could be had." In the Kandelin case, on the contrary, the written notice called attention to the rotten and wornout condition of the sidewalk at a place where the accident occurred, which, when plaintiff stepped thereupon, broke through and precipitated him to the ground. Brown, J., said: "The notice clearly directed attention to the place of the accident and the rotten and worn-out condition of the sidewalk. The complaint proceeds upon the same facts, and, while it alleges that plaintiff stepped into a hole in the walk, it also alleges a general worn-out and defective condition of the walk at this point. This was not a substantial departure from the information contained in the notice to the city."

So in the case at bar, the notice stated that the injuries were caused by the negligence of the city "in failing to maintain and construct in a safe and proper manner the sidewalk crossing." That allegation would have been sufficient in a pleading as against a demurrer. It is evident, from the previous decision of this court, that, while Olcott v. City of St. Paul, supra, is not overruled, its doctrine is to be limited to the facts of that particular case, and not to be extended.

2. The defendant further insists: "An inaccurate statement of the facts of a case by the trial judge in his charge to the jury, which might have had an important bearing on the jury's view of the case, or an erroneous statement of the evidence upon the pivotal fact in the case, is ground for reversal. Instructions which assume the existence of material facts, which are in dispute, are erroneous." Blashfield, Instructions to Juries, § 60; Lake Superior & M. R. Co. v. Greve, 17 Minn. 299 (322); Schwartz v. Germania Life Ins. Co., 21 Minn. 215; Siebert v. Leonard, 21 Minn. 442; Hocum v. Weitherick, 22 Minn. 152; Starkey v. De Graff, 22 Minn. 431; Chandler v. De Graff, 25 Minn. 88; Jones v. Town, 26 Minn. 172, 2 N. W. 473; Faber v. St. Paul, M. & M. Ry. Co., 29 Minn. 465, 13 N. W. 902; Macy v. St. Paul & D. R. Co., 35 Minn. 200, 28 N. W. 249; Steinbrunner v. Pittsburgh, 146 Pa. St. 504, 23 Atl. 239, 28 Am. St. 806; Morton v. Harvey, 57 Neb. 304, 77 N. W. 808; Bauer v. City, 122 Iowa, 500, 98 N. W. 355; Hutton v. Doxsee, 116 Iowa, 13, 89 N. W. 79; Van Nortwick v. Holbine, 62 Neb. 147, 86 N. W. 1057. There can be no doubt that this is the law.

We have examined the different assignments of error in connection with the whole charge. The gist of the controversy is the charge of the court that if, in approaching the crossing walk, there was a broken stone, over which plaintiff stumbled, the fact that she afterward slipped would make no difference. It is obvious that, if the place at which she slipped was so far away as not possibly to be connected with the fall produced by the projecting flagstone, of course, this was error. The defendant insists that the place at which its witnesses testified plaintiff slipped was some six or seven feet further ahead, and some considerable number of feet to one side of the place

at which plaintiff testified she fell and was injured. None the less there was snow and ice all around the place where the injury occurred.

The charge of the court was not minutely precise. It was not microscopically accurate. It is possible, on careful examination, to see how it could be improved. But, considered as a whole, we regard it as a fair presentation of the merits of the controversy to the jury.

The ruling of the trial court must therefore be affirmed.