## Ethan H. Rice v. Spencer S. Benedict and Walter M. Rockwell.

*Pledgees of Choses in action: Liability for want of diligence.* Where choses in action are pledged as collateral security; the pledgees, not having entered into any obligation to collect them, are not to be charged with the consequences of a want of diligence ; but they will be held accountable for all sums collected through any of the agencies employed by them for that purpose.

*Heard July 9. Decided October 5.*

Error to Jackson Circuit.

This was an action of debt brought by the defendants in error upon a judgment in their favor against the plaintiff in error and Abram V. Berry in the sum of $483 43. Rice pleaded the general issue and gave notice that the judgment had been paid and satisfied in full. The cause was referred to referees, who reported that there was nothing due on the judgment. Upon exceptions to their report, and upon further proceedings, the Circuit Court found the sum of $737 77 to be due and rendered judgment for that sum.

It appeared on the trial that the claim of Benedict & Rockwell against Rice & Berry had been in the hands of Chapman & Foote for collection with sundry others against the same parties, amounting altogether (that due Benedict & Rockwell then reckoned at $440 09, included), to the sum of $1,627 64:—That Rice & Berry turned out to Chapman & Foote as collateral security for the payment of this sum of $1,627 64, demands due to them amounting to $1,601 95, and that they subsequently paid to Chapman & Foote in cash $180. It was conceded that all the other creditors who were interested in the fund in the hands of Chapman & Foote had been paid; but the fund proved insufficient to pay Benedict & Rockwell because, of the demands turned out $96 81 proved uncollectable, and $91 29 through the gross negligence of Chapman & Foote were barred by the statute of limitations. It appeared further

RICE v. BENEDICT & ROCKWELL.

that the sum of $178 12 had been put into judgment be-
fore several Justices of the Peace and paid to them; but
through like negligence of Chapman & Foote had not been
received by them in time to be applied before the com-
mencement of the suit. And the question was, whether
Rice & Berry should have credit for all of these sums, and
if not for all, for which.

*Johnson & Higby,* for plaintiff in error.

*Livermore & Wood,* for defendants in error.

GRAVES J.

The defendants in error prosecuted Rice & Berry in the
Court below upon a judgment of the County Court; Berry
interposing no defense, but Rice pleading the general issue,
accompanied by a notice that he would give evidence of
payment.

In pursuance of a stipulation, made by the attorneys
for the defendants in error, and the attorneys of Rice, the
case was given to referees, who reported the facts found by
them and their conclusions of law; but this finding of facts
was subsequently supplemented in one particular by a find-
ing made by the Court, under a stipulation also entered
into by said attorneys.

According to the finding, Rice & Berry were, on the
6th day of December, 1848, indebted to

| | |
|---|---|
| Southworth, Litchfield & Beach, in the sum of.... | $609 38 |
| J. & J. F. Seymour & Co., in the sum of.......... | 226 62 |
| Benedict & Rockwell, defendants in error, for...... | 440 09 |
| and George M. Peck, in the sum of............... | 351 55 |
| Making in all ................................. | $1,627 64; |

and all of said claims were then in the hands of Chapman
& Foote, attorneys for the claimants.

The referees also found that at the same time Rice &
Berry held several demands, amounting to $1,601 95, against

third persons, and delivered the same to Chapman & Foote, the attorneys for Benedict & Rockwell and the other claimants, and took from such attorneys therefor an instrument in the following terms:

"Received of Berry & Rice, the above as collateral security for the payment of their indebtedness to Geo. M. Peck, J. & J. F. Seymour & Co., Southworth, Litchfield & Beach, and Benedict & Rockwell.

"Jackson, December 6, 1848.        "CHAPMAN & FOOTE."

That, subsequently, Rice & Berry paid $180; and that as between them and the defendants in error, the account for interest was balanced.

It was likewise found that Chapman & Foote acted as the attorneys of Benedict & Rockwell, and the other creditors of Rice & Berry, in the collection of the collateral demands, and that several of said demands, amounting to $96 81, were properly accounted for as uncollectable or otherwise; but that a number of others, amounting to $178 12, were uncollected in time to be applied in payment when the suit was commenced, by reason of gross negligence on the part of said attorneys; while others still, amounting to $91 29, were, through the like negligence, suffered to be barred by the statute of limitations, or otherwise lost.

The referees were of opinion that Rice & Berry were entitled to be credited with the whole amount of the collateral securities which had been paid, and also with the amount which had been lost or uncollected through the negligence of the agents of defendants in error: and as the sum of such collateral securities exclusive of $96 81 which had been accounted for, when added to $180 paid by Rice & Berry, exceeded the sum of the claims against them specified in the receipt, that judgment ought to be rendered against defendants in error. But the latter having excepted ·to this conclusion, the Court set aside this finding of law and entered judgment upon the facts in favor of defendants in error for $737 77. Rice thereupon

brought error; and the only material question in the case arises upon the decision of the Circuit Court, in disallowing the application of the collateral demands upon the principal debt. The case seems to have proceeded in the Court below upon the understanding, on all sides, that the other creditors of Rice & Berry mentioned in the receipt given for the collateral securities had been fully paid, and upon the argument in this Court it was expressly admitted by counsel that the demands of those creditors had been satisfied.

The case is therefore not embarrassed by any question growing out of the relation of the other creditors to the transaction, but remains to be disposed of upon the assumption that they have no interest in the matter.

It is quite manifest that the securities covered by the receipt of Chapman & Foote, were not received as absolute payment, and that their reception raised no legal impediment to the prosecution of Rice & Berry at any time by the creditors upon the original claims. And it is equally evident, I think, that Rice & Berry were at all times at liberty to resume entire control over the securities turned out, by paying their own debts specified in the receipt.

The position of defendants in error was not that of agents of Rice & Berry for the collection of the collateral demands; but it was that of pledgees, in which character they possessed the rights and were subject to the duties springing from the actual arrangement. It does not appear that any of the demands turned out were of a nature to require any steps to be taken to fix the liability of any one upon them, or that they possessed any other character than that belonging to an absolute and unconditional debt due from one party to another. Neither does it appear that the condition of the collaterals, in respect to the parties liable upon them in fact, or by possibility, or in reference to any special recourse to property to satisfy them, has been

affected by any act of defendants in error.  But it is urged that the latter did not with requisite diligence take and carry on active proceedings for collection.  I think, however, that defendants in error cannot on that ground be charged with such of the pledged demands as remain uncollected.

When the facts are properly considered the legal import of the transaction appears to have been, that the defendants in error were entitled to use all the ordinary and legal means to obtain enough out of the collaterals to satisfy the original claim and all necessary costs and expenses, and were subject to be charged with whatever should be collected by any of the agencies employed under the arrangement; but were not bound to prosecute and take the trouble and chance of being compelled to pay the attending costs and expense, nor subjected to any risk as to the solvency of the collateral debtors, or required to assume the validity of the pledged demands.

To visit defendants in error with any loss which may have happened under the circumstances, would be to charge them as with the consequences of a breach of duty, when they not only did not owe the duty imputed, but when the principal debtors, who would be the gainers by such a shift might have averted the loss, if not inevitable, by discharging their own obligations to defendants in error.  If it were shown that the latter, by some positive act, frustrated collection, or brought any of the demands into a condition which impaired the chance of collection, a question would have arisen which this record does not present and which we do not discuss.

As already suggested, however, we think that by the arrangement found to have been made by the parties, the defendants in error were required to apply on the principal demand, whatever should be received by any of the agencies for collection contemplated by it, and hence that the sum of $178 12 so received should have been allowed.

According to the view here taken of the facts the accounts between the parties stood as follows: The amount of the four claims on which the demands were turned out was $1,627 64. The collaterals amounted to $1,601 95, while Rice & Berry paid in cash $180; thus making the whole amount received for the creditors $1,781 95. From this must be deducted $188,10 consisting of $96 81 of collaterals accounted for as uncollectable and $91 29 of other uncollected demands; which leaves $1,593 86 to be deducted from $1,627 64, the sum of the demands against Rice & Berry, and exhibits a balance in favor of defendants in error of $33 79 and that sum increased by interest from December 6 1848 appears to be the just measure of recovery by defendants in error.

I am, therefore, of opinion that the judgment of the Circuit Court as against Rice, who alone has brought error, ought to be reversed with the costs of this Court, and that judgment should be here entered against him for the amount last mentioned.

The other Justices concurred.