AMOS H. FLETCHER *vs.* JOHN HARMON and another.

Somerset. Opinion December 11, 1886.

*Pledge. Money had and received. Set-off. R. S., c. 85, § 55.*

Money received by the pledgee, from the legal sale of a pledge, becomes his own, to the extent of his debt; and he holds the balance, as "money had and received," for the pledgor's use.

Money received by the pledgee, from the illegal sale of a pledge, the pledgor, by waiving the tort, may require to be applied in payment of his debt, and the pledgee would hold any balance, as money had and received for the pledgor's use.

Money so held may be recovered in assumpsit, or by set-off.

The value of securities in pledge, tortiously dealt with by the pledgee, unless

reduced to money or its equivalent, can not be recovered in assumpsit, as money "had and received," nor by set-off.

The contract, touching a pledge to secure a debt, is collateral; and damages for its breach can not be allowed by way of recoupment, in defense of a suit to recover the debt.

ON exceptions. The opinion states the case and the facts upon which it rests.

*Merrill and Coffin,* for the plaintiff, cited : R. S., c. 85, § 55; *Whitwell* v. *Williard,* 1 Met. 218; *Robinson* v. *Safford,* 57 Maine, 163; *Houghton* v. *Houghton,* 37 Maine, 72; *Winthrop Bank* v. *Jackson,* 67 Maine, 571; *Harrington* v. *Stratton,* 22 Pick. 510.

*D. D. Stewart,* for the defendants.

That the notes and mortgage pledged to the plaintiff could be enforced by him against the person making them, although not assigned in writing, is common learning. *Littlefield* v. *Smith,* 17 Maine, 327; *Crain* v. *Paine,* 4 Cush. 483; *Norton* v. *Ins. Co.* 111 Mass. 535; *Sprague* v. *Frankfort,* 60 Maine, 253; *Holmes* v. *French,* 70 Maine, 341; Jones on Pledges, § § 142, 670.

That the conversion by the pledgee of the property pledged, if equal in value to the debt, affords a complete and full defence to an action brought by him to recover the debt, is abundantly established by the following authorities : *Stearns* v. *Marsh,* 4 Denio, 227; *Batterman* v. *Pierce,* 3 Hill, 171; *Rogers* v. *Humphrey,* 39 Maine, 384; *Cutting* v. *Marlor,* 78 N. Y. 454; *Gruman* v. *Smith,* 81 N. Y. 26; *Cass* v. *Higenbotam,* 100 N. Y. 248; Jones on Pledges, § § 577, 578, 580, 596, 682, 693, note, 694, 700; 710, 711, 716, 717, 719; Story on Bailments, § § 289, 291, 315, 349, 351; *Porter* v. *Blood,* 5 Pick. 54; *Potter* v. *Tyler,* 2 Met. 58, 64; *Howard* v. *Ames,* 3 Met. 308; *Faulkner* v. *Hill & al.* 104 Mass. 188; *Washburn* v. *Pond & al.* 2 Allen, 474; *Sawyer* v. *Wiswell,* 9 Allen, 42; *Fay* v. *Gray,* 124 Mass. 500; *Bast* v. *Bank,* 101 U. S. 93; *Peacock* v. *Pursell,* 14 C. B. (N. S.) 728; *Nexsen* v. *Lyell & al.* 5 Hill, 466; *Stewart* v. *Bigler,* 98 Penn. St. 80.

In the famous case of *Cortelyou* v. *Lansing*, 2 Caines' Cases in Error, 213, the court said : " The payment of the money and the return of the pledge were to be concurrent acts, to be performed by each party at the same time and place. Each must show a capacity and readiness to perform ; yet neither is to trust the other personally. The one was not actually to part with his money, unless the other at the same time showed a capacity and readiness to return the pledge ; nor was the one to return the pledge until the other showed at the same time the capacity and readiness to pay the money ; the acts being reciprocal and one dependent upon the other."

This opinion was prepared by Mr. Justice KENT, afterwards the celebrated Chancellor KENT, and is one of the most complete expositions of the rights and duties of pledgor and pledgee to be found in the history of English law.

The same doctrines are laid down by Mr. Justice STORY, in his work on Bailments, § 289 ; *Cutting* v. *Marlor*, 78 N. Y. 454 ; *Cass* v. *Higenbotam*, 100 N. Y. 248 ; *Bank* v. *Fant*, 50 N. Y. 474 ; *Wilson* v. *Little & al.* 2 Comst. 448.

The pledgee, when sued by the pledgor for the unlawful conversion of the property pledged, has the same right to recoup his debt, that the pledgor, when sued by the pledgee for the debt, has to recoup his securities unlawfully disposed of by the pledgee. *Johnson* v. *Stear*, 15 C. B. (N. S.) 330 ; *Cortelyou* v. *Lansing*, 2 Caines' Cases, 250 ; *Allen* v. *Dykers & al.* 3 Hill, 593 ; *Stearns* v. *Marsh & al.* 4 Denio, 227 ; *Wilson* v. *Little & al.* 2 Comstock, 443 ; *Baltimore Ins. Co.* v. *Dalrymple*, 25 Md. 269 ; *Bulkeley* v. *Welch*, 31 Conn. 339 ; *Ward* v. *Fellers*, 3 Mich. 288 ; *Belden* v. *Perkins*, 78 Ill. 449 ; *Fletcher* v. *Dickinson*, 7 Allen, 23–4 ; *Fisher* v. *Brown*, 104 Mass. 259 ; *Shaw* v. *Ferguson*, 82 Ind. 342 ; *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155–57 ; *Wheeler* v. *Newbould*, 16 N. Y. 393 ; *Neiler* v. *Kelly*, 69 Penn. St. 403 ; *Work* v. *Bennett*, 70 Penn. St. 484 ; Jones on Pledges, 577, 578, 580.

In the case at bar the property pledged being notes of hand, one of which, as appears by the copy of the mortgage, then over due, and the second would be due in thirty-one days after the

note in suit was given to the plaintiff, and the remaining four notes were due yearly thereafter, it became the duty of the plaintiff to use due diligence in collecting the note over due, and the others as they should become due. *Wheeler* v. *Newbould*, 16 N. Y. 393 ; *Garlick* v. *James*, 12 Johns. 146 ; *Fletcher* v. *Dickinson*, 7 Allen, 23 ; Jones on Pledges, § § 651, 603 ; *Parker* v. *Brancker*, 22 Pick. 46 ; *Washburn* v. *Pond & al.* 2 Allen, 474 ; *Hancock* v. *Franklin Ins. Co.* 114 Mass. 156 ; *Boynton* v. *Payrow*, 67 Maine, 587.

If taken from him by theft or robbery, without negligence or fault on his part, he would be released from all liability to account for them. *Jenkins* v. *Nat. Bank of Bowdoinham*, 58 Maine, 278.

The case shows that without the consent or knowledge of either the principal debtor or his surety, and without the slightest justification, he voluntarily surrendered them to a third party, thus utterly depriving the defendants of all benefit from them, and violating the duty he owed them as their trustee in the grossest manner. *Dearborn* v. *Nat. Bank of Brunswick*, 61 Maine, 369.

Doubtless the ruling of the learned judge at *nisi prius* was based upon certain *dicta* in *Winthrop Bank* v. *Jackson*, 67 Maine, 570.

All of the expressions in that opinion may not be quite in harmony with the authorities cited in this argument; but the decision of the court in that case, the result reached, was in entire accordance with every authority upon the subject. *Jenkins* v. *Nat. Bank of Bowdoinham*, 58 Maine, 278 ; *Carey* v. *Guillow,* 105 Mass. 18.

It is familiar law that a creditor who receives security from his principal debtor, holds it for the benefit of the surety as well as for himself; and a release of such security discharges the surety to the extent of the value of the security released. *Springer* v. *Toothaker*, 43 Maine, 381 ; *Baker* v. *Briggs*, 8 Pick. 122.

HASKELL, J.    Assumpsit on a promissory note, signed by the defendants, and payable to the plaintiff on demand.

The defendants plead in set-off that the plaintiff had sold certain notes, which they had pledged to him to secure the payment of the note in suit, and had received the full face value thereof, exceeding the amount sued for.

When securities pledged to secure the payment of a debt are legally sold by the pledgee, he sells for his own account so far as necessary to pay his debt, and the proceeds, when received, to that extent become his own, and operate as payment; but, the balance is money "had and received" by him for the pledgor's use, and may be recovered as such, by action, or by set-off in an action by the pledgee against the pledgor. *Hancock* v. *Franklin Insurance Co.* 114 Mass. 155; *Potter* v. *Tyler*, 2 Met. 58; *Howard* v. *Ames*, 3 Met. 308; R. S., c. 82, § 56.

When such securities are illegally sold by the pledgee, and he has actually received money therefor, the pledgor may waive the tort, and require the money so received to be applied in payment of the debt secured, and may recover any balance of the same by action for money had and received, or by set-off; but he can only avail himself of these remedies when money, or its equivalent, has been actually received from the tortious sale, and he must be content, with the money received, as his measure of damages. *Androscoggin Water Power Co.* v. *Metcalf*, 65 Maine, 40; *Ware* v. *Percival*, 61 Maine, 391.

The evidence adduced does not tend to support the defendants plea, but rather shows that the plaintiff wrongfully, and without receiving any consideration therefor, surrendered the securities pledged, to a stranger, who claimed to own the same. In no way have the securities been applied to the payment of the debt. The parties have not agreed to so apply them, nor have they been so dealt with by the plaintiff, that the law so applies them. The statement of the case negatives the right of set-off, inasmuch as the securities have not been sold, or in any way applied to the payment of the plaintiff's debt, leaving a balance in the plaintiff's hands for the defendants' use.

Nor, can the defendants recoup the value of the securities pledged to the extent of the amount due upon the note in suit. Recoupment would arise for some breach by the plaintiff of the

contract sued, whereby the damages claimed by him are reduced, or extinguished. The contract in suit is a promissory note, containing no stipulations whatever for the plaintiff to perform. The reciprocal rights and liabilities of the parties touching the pledge, a collateral contract, as its name implies, depend upon the performance, or breach of the principal contract, and are incident to it, but not a part of it. Stipulations touching a loan and a pledge to secure it, may be inserted in one contract, if the parties desire, so that reciprocal duties and liabilities touching both loan and pledge would flow from it, and all controversies touching both might be settled in the same suit, but that is not the case at bar. In a case in all essentials like the present, it was held that neither set-off, nor recoupment could be allowed. *Stare decicis. Winthrop Bank* v. *Jackson*, 67 Maine, 570.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.