KENNEDY v. ROSIER.

| 71 | 671 |
|----|-----|
| 82 | 280 |
| 71 | 671 |
| 108 | 121 |
| 71 | 671 |
| 129 | 243 |
| 71 | 671 |
| 136 | 255 |

1. **Instructions:** IGNORING POINT IN ISSUE. An instruction which ignores an issue material to the case, or which assumes as true a material point in dispute, cannot be sustained. For illustrations see opinion.

2. **Pledge:** OF NOTE: DUTY OF PLEDGEE. The holder of a promissory note as collateral security is not charged with the same duty as an indorsee. He is liable for failure to present the note and to give notice of non-payment, only in case damage, loss or prejudice results to the pledgeor therefrom, and then only to the extent of such damage.

3. **Depositions:** NOTICE OF TAKING: CODE, § 3730. In the provision of the Code, § 3730, that a notice to take depositions shall be five days, "when served on the party within the county," the county in which the depositions are to be taken is meant, and not that wherein the court in which they are to be used is held.

4. **Appeal:** DISCREPANCY IN RECORD AS TO DATE OF JUDGMENT. A discrepancy between the notice of appeal and an amended abstract, as to the date of the judgment in the case, is no ground for dismissing the appeal, where it is not shown that the appeal is not from the judgment in the case, or was not taken in time.

Kennedy v. Rosier.

*Appeal from Delaware Circuit Court.*

Tuesday, June 14.

Action upon a promissory note. There was a judgment upon a verdict for plaintiff for a part of his claim, from which he appeals.

*Ainsworth & Hobson*, for appellant.

*E. E. Hasner*, for appellee.

Beck, J.—I. As a defense, the answer of defendant pleads that he gave to plaintiff a note, and mortgage securing it, as collateral security upon the notes in suit; that the amount and value of these collaterals exceeded defendant's note; and that, through the fault and negligence of plaintiff, they were not collected, and became lost to defendant, whereby he sustained damage, which is set up as a counter-claim to plaintiff's action. The plaintiff, in reply, pleads, among other matters, that defendant did not deliver to plaintiff the collateral note, and that he has never had it in his possession, but it has been all the time in the possession of defendant.

1. INSTRUC-
TIONS: ignor-
ing point in
issue.

II. The ninth instruction to the jury is to the effect that, upon plaintiff's acceptance of the assignment of the collateral note, he became bound to use reasonable efforts to collect it. This instruction, in view of the matter pleaded in plaintiff's reply, that he never had possession of the note, was misleading and erroneous. If the instruction had been modified so as to have required the jury to find whether plaintiff had the note in his possession, and if they found he had, that the plaintiff should be held liable for loss resulting from failure to use the diligence stated in the instruction, it would have been correct.

III. So the twelfth instruction is erroneous, for the reason that it also ignores the matter pleaded by plaintiff in

Kennedy v. Rosier.

his reply, to the effect that he never had the possession of the note. If plaintiff did not have the possession of the note, he could not have exercised care and control over it.

IV. The sixteenth instruction is to the effect that it was plaintiff's duty to present the note for payment within a reasonable time after he received it, and, if not paid, to notify defendant of the fact; and, if he neglected such presentation and notice, he cannot recover in this action. The instruction is, in our opinion, erroneous in these particulars: (1) It assumes that plaintiff did have possession of the note. This was a disputed fact, under the issue, upon which the jury should have been directed to find the fact. (2) The plaintiff's duty was not that of an indorsee, as the instruction seems to hold. He would have been liable only for failure to present the note, and give notice of non-payment, if damage, loss, or prejudice resulted to defendant therefrom; and such liability would only have extended so far as to require him to make good to plaintiff the loss or damage he sustained from such neglect.

2. PLEDGE: of note: duty of pledgee.

V. Depositions were taken by defendant in the county of plaintiff's residence, upon eight days' notice. Plaintiff moved to suppress the depositions, on the ground that sufficient notice had not been given. The motion was overruled. The cause was pending in a judicial district other than the one in which plaintiff resides. Counsel insist that under Code, § 3730, plaintiff should have had the notice required in the commencement of actions by Code, § 2601. But we think the section relied upon does not sustain plaintiff's position. It provides that a notice to take depositions shall be five days, "when served on the party within the county." Counsel think the county in which the court is held is referred to in this language. We are of the opinion that the county in which the depositions are taken is meant.

3. DEPOSITIONS: notice of taking: Code, § 3730.

The purpose of the statute in prescribing different times

of service is to so provide that opportunity shall be given the parties to appear before the officer at the time of taking the depositions. A party to a suit might live a great distance from the county in which the suit was pending, yet, in counsel's view, if the deposition should be taken in such county, he would be entitled to no more than five days' notice, while, if the depositions be taken in his own county, at the very place of his residence, he would be entitled to twenty days' notice. We think no such absurd result was intended by the legislature in the enactment of the statute in question.

VI. Defendant files an amended abstract showing that the judgment was rendered June 29th, and the notice of appeal designates the judgment as having been rendered June 9th. He claims that the appeal is not from the judgment in this case. But it is not shown or claimed that the appeal is not from the judgment in this case, or was not taken in time. We think the appeal is properly before us.

4. APPEAL: discrepancy in record as to date of judgment.

VII. Defendant also shows that he excepted to the overruling of a motion for a judgment upon plaintiff's evidence; but, as he has not appealed, he cannot ask us to review this ruling.

Other questions discussed by counsel need not be considered. For the errors in the instructions above pointed out, the judgment of the circuit court is

REVERSED.