## WILKINSON v. CULVER.

*(Circuit Court, S. D. New York. February 7, 1888.)*

PLEDGE—AGREEMENT FOR COLLECTION—EFFECT.

Defendant executed notes to a trust company, and delivered bonds and choses in action as collateral security. The company signed an agreement regarding the securities, which provided that the proceeds arising from the sale of the securities and recovered from the choses in action should be applied to pay off the notes, subject to the repayment of moneys expended by the company in prosecuting claims or selling securities. *Held* that, under this agreement, the company was not bound to sell the bonds in the absence of any request to sell, nor to commence suits; nor was it bound to prosecute suits at its own charge and risk.

At Law. Motion for new trial.

This action was brought by George Wilkinson, as receiver of the American Trust Company, against Delos E. Culver.

*Courtlandt Parker*, for plaintiff.

*R. Floyd Clarke*, for defendant.

SHIPMAN, J. This is a motion by the defendant for a new trial of an action of debt upon judgment. The original action was upon sundry promissory notes of the defendant to the order of and owned by the American Trust Company. In this suit the defendant filed a counter-claim, in which he sought to recover damages against the plaintiff for the alleged violation by the trust company of its agreement with the defendant in regard to the property which was pledged to it as collateral security for the payment of said notes. On February 24, 1876, the defendant executed and delivered to said company his five notes, amounting in all to $39,631.29, and also delivered to it certain railroad bonds, and assigned to it choses in action, as collateral security for the payment of said notes. The choses in action were his claims against individuals and a railroad corporation arising out of his contracts with them. The defendant drew a declaration or agreement in regard to said pledged property, which the trust company signed. This agreement, after describing the defendant's notes, and declaring that it held for his benefit certain choses in action, stock, and bonds, which it described, contained the following clause:

"The proceeds arising from the sale of said securities, and recovered from said choses in action, are to be applied to pay off said notes and interest, and the remainder is to be paid to said Delos E. Culver, or his legal representatives, subject to the repayment of moneys expended by said American Trust Company in prosecuting claims or selling the securities."

Two of the claims were not prosecuted. A suit upon another claim had been instituted by the defendant, and was thereafter successfully prosecuted by the company at its expense.

It is insisted by the defendant that the necessary implication of the contract is that the trust company was under an obligation to sell the securities, and to prosecute the claims, at its own risk and expense. No

request to sell the bonds was proved. I do not perceive that the contract contains, by implication, an agreement on the part of the pledgee that it would sell the bonds and commence suits, and do not think that it can be inferred or presumed from its terms that the trust company bound itself to prosecute suits at its own charge and risk. It cannot fairly be presumed, from the language of the contract, that the obligation of the company differed from those usually and naturally resting upon holders of collateral security of the same character, viz., that a sale, in the absence of a request to sell, or the commencement of suits, was not compulsory, but was to be at the discretion of the pledgee.

The motion for a new trial is denied.