(February 12, 1890.)

## MURPHY v. BARTSCH.

[23 Pac. 82.]

PLEDGE AS COLLATERAL SECURITY.—When a party takes any property as a pledge for the security of a debt, which through his gross neglect is lost, he must bear the loss, and he must exercise ordinary diligence in all cases.

CONTRACT BETWEEN THE PARTIES.—When there is none as to the disposition to be made of the pledge, and the pledgor claims it is lost by neglect, he must show the neglect and the damage resulted to him therefrom.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

A. F. Montandon, for Appellant.

Defendant's order, being specific as to amount, acceptance, and time of payment, was a bill of exchange, negotiable and subject to all rules of commercial paper. (Code, secs. 3520, 3525, 3546, 3550; *Cowan v. Halleck,* 9 Colo. 572, 13 Pac. 700; Parsons on Mercantile Law, 2d ed., p. 84, sec. 1; Parsons on Bills and Notes, pp. 52, 54, 353, sec. 1.) Plaintiff, being the holder, was bound to make demand for payment, and, if dishonored, to give defendant "drawer" notice. (Dean on Commercial Law, Bryant & Stratton ed., sec. 353; *Donohoe v. Gamble,* 38 Cal. 340, 99 Am. Dec. 399.)

Kingsbury & McGowan, for Respondent.

There being no exception in the record, if complaint states a cause of action, and will support a judgment, the judgment

must be affirmed. (*Lamkin v. Sterling,* 1 Idaho, 120; *Purdy v. Steel,* 1 Idaho, 216; *Gamble v. Dunwell,* 1 Idaho, 268; *Diehl v. Hull,* 1 Idaho, 352; *McCoy v. Oldham,* 1 Idaho, 465; *Hyde v. Harkness,* 1 Idaho, 638; *Fox v. West,* 1 Idaho, 782.)

BEATTY, C. J.—On October 18, 1886, appellant delivered his promissory note to respondent for the sum of $500, due the next day, and, as collateral security for its payment, transferred a demand he held against one Shaw, payable on the first day of November, 1886. At this latter date, Shaw was solvent, but by April following became insolvent; just when does not appear. In August, 1887, this action was commenced for the recovery of the $500 note, to which appellant interposed the defense that respondent had neglected to collect the claim against Shaw, which by the latter's subsequent insolvency became wholly lost to appellant. Judgment followed for respondent, from which defendant appeals here, and he now claims the demand against Shaw was a bill of exchange, of the dishonor of which he is entitled to notice, according to the law-merchant; also that defendant's failure to collect the same must be held such negligence as will charge him with its loss. The record does not inform us clearly of the nature of this claim against Shaw. Appellant, in his answer, says it was a "bill of items" for goods sold to Shaw; that Shaw admitted the same was correct, indorsed his acceptance thereon, and appellant then assigned it to respondent. The findings refer to it as an order drawn by appellant on Shaw, payable to respondent; also as a "demand" against Shaw. Appellant has not shown it was a bill of exchange, or even a chose in action, negotiable in form. It was, however, an evidence of a debt admitted by Shaw to be due from him to appellant, and by the latter transferred as collateral security to respondent. The record shows respondent made no special demand of appellant for payment of his note; neither did the latter request respondent to collect the Shaw claim, nor did the latter attempt to collect it. No agreement existed between the parties for its collection other than that implied by law. The record simply shows the collateral was accepted, was not collected, that Shaw became insolvent and the claim against him was

lost. Does its loss, under such circumstances, become the loss of the respondent?

From the briefs of counsel, we conclude they were unable in their researches to find relevant authorities by which the court might be aided to the correct conclusion, and in our effort to supplement their labor we have found the courts on this question in considerable, at least apparent, conflict, in part the result of difference in the facts of the cases. It is impossible to prescribe any definite, unyielding rule applicable to every case of property pledged as collateral security. Each case must be determined more by the attendant facts and circumstances than by any fixed standard. In all cases, however, the pledgee will be responsible for any loss resulting from his gross negligence; and generally, to avoid such responsibility, he must exercise at least ordinary care and diligence. It must be borne in mind he does not sustain to such property the relation of owner. As such, he would, of course, bear all loss, whether occurring through theft, fire or other accident. When he holds it as pledgee, it operates as an accommodation to the owner also, by extending the time of payment of his liability; and the pledgee so holding it would not be liable for its loss by accident, unless the result of his gross carelessness. In this case, what is the negligence of respondent of which appellant can complain? The latter says he was entitled to prompt notice of the dishonor by Shaw of the claim. We do not think so. One of the objects of giving notice of the dishonor of commercial paper is that the indorser may be held responsible. It does not appear that the claim here against Shaw was a bill of exchange; and even if it were, and respondent had given appellant prompt notice of its dishonor, he would not have had any recourse against respondent, or in any way added to his responsibility. Hence, all the reasons of the rule requiring notice of the dishonor of commercial paper not existing, the rule itself is subject to modification.

The appellant invokes in his behalf the provisions of section 3601 of our statutes. That and the next preceding section clearly refer alone to written evidences of debt sold and transferred for value, and not to those deposited as collateral security. These sections provide that when the assignee, after

due diligence, fails to recover thereon, he can then hold the assignor responsible. But in our case had the respondent made every effort to collect the debt, and failed, he could not have any recourse against appellant therefor, or even for his expenses incurred in his effort to collect. In this case it does not appear that the respondent was grossly negligent, nor does it appear there were any particular acts of negligence. It does not appear certainly that he could, if he had tried, have collected the Shaw claim. There may have been good reason why he could not. As he did not the presumption is that he could not, rather than that he would not. There is no actual evidence of his neglect, unless the mere fact that he did not collect it must be so construed. If, however, the appellant insists such is the legal conclusion, it still devolves upon him to show that such negligence resulted in his damage; for damage cannot be presumed—it must affirmatively appear. It would be preposterous for appellant to claim a benefit from the harmless negligence of respondent. The question, then, is not whether respondent was negligent, but whether he must be presumed, without proof, to have committed such neglect as resulted in appellant's damage. There is not in this record any such proof. *Lawrence v. McCalmont,* 2 How. 454, is a case where notes deposited as collateral security were not duly protested, and the court says: "No evidence was shown at the trial to establish any loss or damage . . . . for want of due protest and notice; . . . . and, in the absence of such proof, we are not at liberty to presume that the agents did not do their duty." The same is held in *Aldrich v. Goodell,* 75 Ill. 457. In *Wilkinson v. Culver,* 33 Fed. 708, it appears bonds and choses in action were assigned as collateral security, with the agreement that the proceeds from their sale should be applied to the reduction of the secured debt. The pledgee failed to sell the same, and loss resulted to the pledgor. The court says the obligation of the pledgee did not differ from that "usually and naturally resting upon holders of collateral security of same character, viz., that a sale, in the absence of a request to sell, or the commencement of suits, was not compulsory, but was to be at the discretion of the pledgee." In *Bast v. Bank,* 101 U. S. 93, a valid judgment was assigned as collateral. The

bank neglected to collect it, and in the meantime it became worthless. The court held it was not the bank's loss. *Rice v. Benedict,* 19 Mich. 132-135, is a cause much like this, in which it was held the pledgee was not responsible for the loss of the securities; and in the same line are *Rozet v. McClellan,* 48 Ill. 345, 95 Am. Dec. 551; *Robinson v. Hurley,* 11 Iowa, 412, 79 Am. Dec. 497, and note; *Goodall v. Richardson,* 14 N. H. 567; *Fletcher v. Harmon,* 78 Me. 465, 7 Atl. 271; while more or less to the contrary are *Kennedy v. Rosier,* 71 Iowa, 671, 33 N. W. 226; *Easton v. Bank,* 24 Fed. 523; and *Hanna v. Holton,* 78 Pa. St. 334, 21 Am. Rep. 23. To these, many others might be added, entertaining almost every shade of view on the question. But, after considerable examination, we conclude the judgment of the court below should be affirmed, except that it should be so modified as to bear interest from its date at the rate of ten per cent per annum; and it is so ordered.

Berry and Sweet, JJ., concur.