(June 27, 1905.)

## BARTON v. GROSECLOSE.
[81 Pac. 623.]

ATTACHMENT—CONDITIONAL SALE OF PERSONAL PROPERTY—ASSIGNMENT OF CONTRACT.

1. One who makes a conditional sale of personal property, delivering possession to the vendee and retaining the title thereto in himself until the purchase price shall be fully paid, cannot, upon failure of the purchaser to make the payments, have an attachment against the property of the purchaser to secure the payment of the purchase price until the property itself has been exhausted.

2. Where the vendor on a conditional sale has delivered possession to the vendee, and thereafter sells and assigns the contract taken from the purchaser to a third party, the assignee of such contract is substituted to all the rights of his assignor, and

cannot, therefore, have an attachment upon failure of the purchaser of the property to make payment.

3. ID.—The security retained by the vendor in such cases is not a vendor's lien but is a reservation of title and right to pursue the property in specie.

(Syllabus by the court.)

APPEAL from the District Court in and for Washington County. Honorable Frank J. Smith, Judge.

From an order made and entered dissolving an attachment, the plaintiff appeals. Affirmed.

L. L. Burtenshaw, for Appellant.

Under an identical statute and an identical case with the one at bar, *Eads v. Kessler,* 121 Cal. 244, 53 Pac. 656, the supreme court of California says: "It is to be observed that the existence of a vendor's lien always presupposes that the title of the goods has passed to the vendee, since it would be an incongruous conception that the vendor might have a lien upon his own goods. If it has been held that one who makes a written executory contract to sell his real property has a lien for the payment of the purchase money, it is because the other party to such contract is held to have an equitable estate in the land; but we have been referred to no cases which hold there is such a lien upon personal property where there is a mere agreement to sell." (Tiedeman on Sales, sec. 119; 21 Am. & Eng. Ency. of Law, 1st ed.; Jones on Liens, sec. 820; *William v. Friedman,* 3 Idaho, 734, 35 Pac. 37; *Gessner v. Palmateer,* 89 Cal. 89, 24 Pac. 608, 13 L. R. A. 187.) A vendor's lien is not assignable. (*Baum v. Grigsby,* 21 Cal. 172, 81 Am. Dec. 153; *Lewis v. Covilland,* 21 Cal. 178; *Williams v. Young,* 21 Cal. 227; *Avery v. Clark,* 87 Cal. 619, 22 Am. St. Rep. 272, 25 Pac. 919; *Shall v. Biscoe,* 18 Ark. 142; *Keith v. Horner,* 32 Ill. 524; *Dixon v. Dixon,* 1 Md. (Ch.) 220; *Hammond v. Peyton,* 34 Minn. 529, 27 N. W. 72; *Skaggs v. Nelson,* 25 Miss. 88; *Smith v. Smith,* 9 Abb. Pr., N. S., 420; *Jackman v. Hallock,* 1 Ohio, 318; *First Nat. Bank v. Salem F. Mills* (Or.), 39 Fed. 89.)

Ed. R. Coulter, for Respondent.

The contract between respondent and Spaulding Manufacturing Company has all the features of, and interpreted in the light of an overwhelming line of decisions thereon must be construed as one of, a conditional sale, reserving to the seller the title to the goods sold as security for the payment of the purchase price thereof. It has been repeatedly held by the supreme court of Idaho that such a lien prevents the issuance of an attachment, and that same is within the provisions of section 4303, Revised Statutes. (*William v. Friedman,* 3 Idaho, 734, 35 Pac. 37; *Mark Means Transfer Co. v. MacKinzie,* 9 Idaho, 165, 73 Pac. 137; *Matterson v. Equitable Min. etc. Co.,* 143 Cal. 436, 77 Pac. 144; *Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 609; *Standard Steam Laundry v. Dole,* 22 Utah, 311, 61 Pac. 1103.) A vendor may assign his claim to the property sold conditionally, and his assignee acquires the same rights therein as the vendor had, and the vendor in such case loses all his interest in the property. (*Ross-Meehan etc. Foundry Co. v. Pascagoula Ice Co.,* 72 Miss. 608, 18 South. 364; 6 Am. & Eng. Ency. of Law, 2d ed., 485; *W. W. Kimball Co. v. Mellon,* 80 Wis. 133, 48 N. W. 1100; *Rodgers v. Bachman,* 109 Cal. 552, 42 Pac. 448; *Matterson v. Equitable Min. etc. Co.,* 143 Cal. 436, 77 Pac. 144.)

AILSHIE, J.—This appeal is from an order dissolving an attachment. The plaintiff, Barton, commenced his action in the district court as the assignee of two claims against the defendant—one an ordinary promissory note, the other the usual combination form of promissory note and conditional sale contract. Upon the filing of the complaint the plaintiff duly and regularly procured the issuance of a writ of attachment and caused certain of the property of the defendant to be attached, out of which to make any judgment that might be recovered against him. The defendant moved to dissolve the attachment on the facts disclosed by the complaint, and his affidavit in support of his motion. That motion was sustained by the district judge, and it is from the order made thereon that the appeal is prosecuted. On June 10, 1903, the Spaulding Manufacturing Company sold to the defend-

ant a buggy and received as payment therefor defendant's promissory note, which note concludes with the following provisions: "I own in my own name one hundred and sixty acres of land in section ———, town of ———, county of Washington, state of Idaho, which at a fair valuation is worth $1,500, on which there is no encumbrance except for $———. I also own $——— worth of personal property over and above all exceptions. There is no judgment against me. I make this statement at the time of the signing of this note for the purpose of obtaining credit, and it is understood that the ownership of this vehicle shall not pass from the Spaulding Manufacturing Company until fully paid for, and no salesman has authority to make any agreement not on the face of this note when made."

By the terms of this agreement, it is clear that it constituted a conditional sale, and that the title to the property remained in the Spaulding Manufacturing Company. (*Mark Means Transfer Co. v. MacKinzie,* 9 Idaho, 165, 73 Pac. 135; *Harkness v. Russell,* 118 U. S. 663, 7 Sup. Ct. Rep. 51, 30 L. ed. 285.) It is contended by appellant; however, that the vendor of the property, by assigning the note and contract which had been executed by the vendee, thereby waived his right to reclaim the property, completed the sale and vested the title in the vendee. It is contended, on the other hand, by the respondent, that the transfer of the note and contract carried with it the legal title to the property, and substituted the assignee of the contract to all the rights and remedies of his assignor. We have heretofore held that under the statutes of this state authorizing attachments, an attachment cannot issue to secure the purchase price of property where the title to the property has been reserved to the vendor until final payment should be made. (*Mark Means Transfer Co. v. MacKinzie, supra.* If the vendor of the property could, by selling the note and contract, transfer to his assignee all the property rights he had therein, then it would follow that the rule announced in the Mark Means Transfer case is applicable, and an attachment would not lie on behalf of the assignee. It must be conceded that when the

vendor of property parts with possession, and at the same time reserves to himself the legal title to the property, and thereupon sells, assigns and transfers to a third party all of his rights and interests in and to the contract, that he is thereafter left without any interest either in the title or possession of the property or the contract. While this is true, the title to the property must necessarily rest somewhere— either, we take it, in the original vendee of the property or the assignee of the contract. To say that the title passed to the vendee of the property would be to deprive the owner of the legal title, to whom the purchase price had not yet been paid, of a valuable property right. It would amount to depriving him of the right of disposition of his property and cutting off the security which he had retained for the payment of the debt. We think the assignment of a contract like the one under consideration carries with it the legal title to the property and gives to the assignee of the contract all the rights and remedies enjoyed by his assignor, and that in such case an attachment will not lie until the property has first been exhausted. This position has been sustained by the following authorities: *Ross-Meehan etc. Foundry Co. v. Pascagoula Ice Co.*, 72 Miss. 608, 18 South 364; *Kimball Co. v. Mellon*, 80 Wis. 133, 48 N. W. 1100; *Standard Steam Laundry Co. v. Dole*, 22 Utah, 311, 61 Pac. 1106; 6 Am. & Eng. Ency. of Law, 2d ed., 485; *Myres v. Yaple*, 60 Mich. 339, 27 N. W. 536.

It should be borne in mind that the security which a vendor, under one of these conditional sale contracts, has for the payment of the purchase price is not a vendor's lien, as recognized by our statute. Under the provisions of section 3443, Revised Statutes, a vendor's lien only exists on personal property so long as the vendor retains the possession. In these conditional sales the vendor almost invariably parts with the possession of the property, but stipulates with the purchaser that the title shall not pass until the purchase price is fully paid. The security which the vendor retains in such case should not be confused with that of a vendor's lien because he retains the title itself to the property and the

right to pursue the property and repossess himself of it. In the Mark Means case, *supra,* we said: "It occurs to us that plaintiff's security was a higher class of security than either a mortgage lien or pledge. It was a reservation of the title itself with a right to take possession at any time condition should be broken."

The order of the district court was made upon the correct theory of the law applicable to the case, and the judgment must be affirmed. It is so ordered. Costs awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.