(April 26, 1926.)

H. R. NEITZEL, Doing Business as the BANNOCK MOTOR SALES COMPANY, Appellant, v. W. C. BEAM, Doing Business as the MOTOR INN GARAGE, Respondent.

[245 Pac. 936.]

CONDITIONAL SALES—ASSIGNMENT OF SALES CONTRACT BY VENDOR—EFFECT OF INDORSEMENT BY VENDOR—EFFECT OF USING CONDITIONAL SALES NOTES AS COLLATERAL—VENDOR'S RIGHT TO MAINTAIN ACTION IN CLAIM AND DELIVERY.

1.  Where vendor on conditional sale delivers possession to vendee, and thereafter sells and assigns sales contract to third party, assignee is substituted to all rights of assignor who is left without interest; title resting in assignee.

2.  Provisions of C. S., sec. 6063, that transfer of non-negotiable contract for payment of money transfers all rights of assignor, only apply where instrument is sold or transferred for value and not deposited as collateral security.

3.  Mere indorsement does not operate to transfer or assign a non-negotiable instrument without delivery thereof.

4.  Indorsement by vendor in conditional sale contract of conditional sale notes, and placing them as collateral to general line of credit, does not constitute an election to treat sale as absolute.

5.  Where vendor in conditional sale contract placed notes as collateral to general line of credit with right to possession of any notes deposited, seller was not thereby deprived of right to maintain action in claim and delivery for possession of property covered by conditional sale contract.

6. Mere assignment or indorsement for security of conditional sale notes or contracts does not vest title to property in holder of collateral, particularly when indorsement is to secure general line of credit.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action in claim and delivery. Judgment for defendant. *Reversed and remanded.*

S. Ben Dunlap and W. B. Davidson, for Appellant.

Title retaining notes or conditional sales contracts are not negotiable instruments under the negotiable instrument law. (C. S., secs. 5868, 5872; *Kimpton v. Studebaker Bros.*, 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039.)

In order to create a valid assignment of a non-negotiable instrument, the intent to assign and transfer the owner's interest must exist, and there must be a present transfer of the assignor's right, a transfer so far complete as to deprive the owner of his control over the subject of the assignment. The intention must be to vest a present right in the thing assigned. (*Donovan v. Middlebrook*, 95 App. Div. 365, 88 N. Y. Supp. 607.)

As to bonds, and notes not negotiable, the legal title to them passes by assignment only; and as to them, indorsement is not equivalent to assignment. As to them, assignment means more than indorsement; it means indorsement by one party, with intent to assign, and an acceptance of that assignment by the other party. (*Bank of Marietta v. Pindall*, 2 Rand. (23 Va.) 465.)

Under the provisions of C. S., sec. 6413, before one may enforce a lien for the improvement of personal property,

Publisher's Note.

1. See 24 R. C. L. 478.
3. See 3 R. C. L. 967.

See Assignments, 5 C. J., sec. 76, p. 908, n. 9; sec. 141, p. 956, n. 61.

Sales, 35 Cyc., p. 673, n. 61; p. 695, n. 5; p. 702, n. 51.

it must appear that the work was done at the request of the owner. (*Alexander v. Mobile Auto Co.*, 200 Ala. 586, 76 So. 944; *Small v. Robinson*, 69 Me. 425, 31 Am. Rep. 299; *Lloyd v. Kilpatrick*, 71 Misc. Rep. 19, 127 N. Y. Supp. 1096; *Shaw v. Webb*, 131 Tenn. 173, Ann. Cas. 1916A, 626, 174 S. W. 273; *Lowe v. Woods*, 100 Cal. 408, 38 Am. St. 301, 34 Pac. 959.)

The pledgee of property does not sustain the relation of owner to the property pledged. (C. S., secs. 6388, 6396, 6397, 6403, 6406; *Murphy v. Bartsch*, 2 Ida. 636, 23 Pac. 82.)

The vendor named in a title note, even though he has pledged the note as collateral security, does not forfeit his right of ownership therein, and still has such an interest in the note and in the title to the property reserved therein that he can bring an action to recover possession of the said property upon the default of the purchaser in the absence of any objection by the pledgee of the note. (*Gilman v. Heilman*, 137 Iowa, 336, 113 N. W. 932; *Norton v. Warner*, 3 Edw. Ch. (N. Y.) 106; *Ridgway v. Bacon*, 72 Hun, 211, 25 N. Y. Supp. 651; *Simson v. Saterlee*, 64 N. Y. 657; *Burlingame v. Parce*, 12 Hun (N. Y.), 194; *Williams v. Rorer*, 7 Mo. 556; *Brewster v. Hartley*, 37 Cal. 15, 99 Am. Dec. 237; Story on Bailments, p. 311, sec. 308; *Richardson v. Ashby*, 132 Mo. 238, 33 S. W. 806; *Dickey v. Porter*, 203 Mo. 1, 101 S. W. 586; 22 Am. & Eng. Ency. of Law, 2d ed., 64.)

Cleve Groome, for Respondent.

The appellant must establish his right to immediate possession at the time of the bringing of the action and not at some time prior thereto, or after that time. (*Bingham County etc. Assn. v. Rogers*, 7 Ida. 63, 59 Pac. 931; *Afferbaugh v. McGovern*, 79 Cal. 268, 21 Pac. 837; *Frederick v. Tracy*, 98 Cal. 658, 33 Pac. 759; *Manti City Sav. Bank v. Peterson*, 30 Utah, 475, 116 Am. St. 862, 86 Pac. 414; *Chan v. Slater*, 33 Mont. 155, 82 Pac. 657.)

When the vendor in a title note transaction elects to treat the unpaid portion of the purchase price as a debt, the title passes to the vendee and the sale is absolute. (*Utah Implement Co. v. Kesler,* 36 Ida. 476, 211 Pac. 1079; *McMasters v. Torsen,* 5 Ida. 536, 51 Pac. 100; *Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481; *Kaesemeyer v. Smith,* 22 Ida. 1, 123 Pac. 943, 43 L. R. A., N. S., 100; *Winton etc. Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A., N. S., 71; *Merchants & Planters Nat. Bank v. Thomas,* 69 Tex. 237, 6 S. W. 565; *Parlin & Orendorff Co. v. Harrell,* 8 Tex. Civ. App. 368, 27 S. W. 1084; *Sioux Falls Adjustment Co. v. Akins,* 32 S. D. 154, 142 N. W. 651.)

The indorsement of a title note by the seller to a third person, without proper words of assignment also assigning the property title reserved therein, is an election to treat the transaction as a debt. The indorsee in such instance does not gain title to the property involved in the conditional sales contract or title retaining note, thereby vesting title in the purchaser of the property. (*Winton etc. Co. v. Broadway Automobile Co., supra; Burch v. Pedigo,* 113 Ga. 1157, 39 S. E. 493, 54 L. R. A. 808; *Merchants & Planters Nat. Bank v. Thomas, supra; Parlin etc. Co. v. Harrell, supra; Farrar v. Bracket,* 86 Ga. 463, 12 S. E. 686; *Hunt v. Harbor,* 80 Ga. 746, 6 S. E. 596; *Carhart v. Reviere,* 78 Ga. 173, 1 S. E. 222; *Bradley v. Cassels,* 117 Ga. 517, 43 S. E. 857.)

Though the vendee in possession of a chattel under a conditional sale contract has not title between himself and the true owner, yet he may pledge the property to one who loans him money or credit *bona fide* without notice and the latter will acquire a valid lien on the property for the payment of the money loaned and will be protected against the vendor's claim for the purchase money. (*Ohio & M. Ry. Co. v. Kerr,* 49 Ill. 458; *Michigan Cent. Ry. Co. v. Phillips,* 60 Ill. 109; *Western Union R. Co. v. Wagner,* 65 Ill. 197; *Brudage v. Camp,* 21 Ill. 330.)

The pledgor may convey or assign his rights in the goods pledged to a third party, but he has no right to the possession of the goods until the debt has been paid or the pledge or lien otherwise discharged, and until then the pledgee has the whole present interest. (*Austin v. Vanderbilt,* 48 Or. 206, 120 Am. St. 800, 10 Ann. Cas. 1123, 85 Pac. 519, 6 L. R. A., N. S., 298; *Minneapolis Agricultural & M. Assn. v. Canfield,* 121 U. S. 295, 7 Sup. Ct. 887, 30 L. ed. 962; *De Clark v. Bell,* 10 Wyo. 1, 65 Pac. 852; *State Nat. Bank v. McMahan,* 45 Okl. 585, 146 Pac. 1; C. S., secs. 6388, 6389.)

The pledgee of property has the control of it for the time being and represents not only his own interest, but that of the pledgor in taking any proper action for the preservation of it and the collection and care of the proceeds. (*Shaw v. Wellman,* 59 Hun, 447, 13 N. Y. Supp. 527; Jones on Collateral Security, 3d ed., sec. 430.)

The pledgor has no right to maintain an action against a third person for the recovery of the property pledged until he has paid or tendered the payment of his debt. (*Selleck v. Macon Compress & W. Co.,* 72 Miss. 1019, 17 So. 603; *Peebles v. Murphy* (Miss.), 17 So. 278.)

BAUM, Commissioner.—In the year 1920, the plaintiff, appellant herein, delivered to one Fred McKinley two trucks and one touring-car, receiving from the said McKinley four certain conditional sale contracts or title notes. Each of the said notes contained an express reservation of title in the plaintiff until the amounts mentioned in said notes were paid. McKinley thereafter made certain payments, but during the year 1922 became in default in his payments on each of said notes, and was in default on December 5, 1922, the day this action was instituted. During 1922, appellant established a line of credit with a banking institution in Boise, and deposited with such institution, as collateral security, certain notes; and the notes in question, containing the indorsement of the appellant, some time prior to, and subsequent to, December 5, 1922, were so deposited as collateral. No record was kept by the bank of the notes so

deposited, and he could call for any of the paper so deposited and obtain the same, or could substitute other paper therefor. Appellant produced the notes in question on the day of the trial. During 1922, the defendant, respondent herein, performed certain work upon the motor-cars, and furnished to said McKinley at various times, at his request, certain supplies; and McKinley was indebted to the respondent in the sum of $658.97. On December 5, 1922, respondent had performed certain labor upon the motor-cars, and had the three cars in his possession, and the labor bill amounted to $57.38; and on that day McKinley executed in favor of the respondent, and delivered to respondent, the following writing:

"Dec. 5, 1922.

"Mr. Bill Beam, I want you to hold these trucks and car for the bill and don't let anyone have them till you get your money. In fact I pledge the trucks and car to you for my bill, don't let them go without you get your money. Then Beam said that means McKinley, that you cannot have your trucks until the bill is paid in full. That is what I mean regardless of who takes them out. Get your money out of them.

"FRED McKINLEY."

After the execution of the notes, McKinley made numerous payments to appellant, who made indorsements on the notes of such amounts, or caused the banking institution to make such indorsements.

The action is one in claim and delivery, the appellant alleging ownership and right to possession, and the respondent denying ownership or the right to possession in appellant, and alleging an election on the part of appellant to treat the sale as absolute, and the vesting of the title in McKinley, and the possession of the title notes by the security holder instead of the appellant, and that the respondent had a statutory and common-law lien on the property in question, also that he was holding the same under a pledge. Upon a trial, the court, without the intervention of

a jury, rendered judgment for respondent, from which judgment this appeal is taken.

Did the acts of the appellant, in indorsing the note contracts over to the bank as collateral security for a general line of credit, constitute in law an election by appellant to make the sale absolute, and thereby vest the title to the trucks and automobile in McKinley, and if not, did the acts of the appellant, in so indorsing the note contracts to the bank, transfer the title to the bank, and thereby deprive the appellant of the right to maintain this action? ·

[1] Where the vendor on a conditional sale has delivered possession to the vendee, and thereafter sells and assigns the sales contract taken to a third party, the assignee of said contract is substituted to all rights of his assignor, and the assignor is thereafter left without any interest, either in the title or the possession of the property or contract, and the title rests in the assignee. (*Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623.) The rule is likewise where the note is indorsed. (C. S., sec. 6063; *Townsend v. Southern Product Co.,* 127 Ga. 342, 119 Am. St. 340, 56 S. E. 436; *Spoon v. Frambach,* 83 Minn. 301, 86 N. W. 106.) [2] The provisions of C. S., sec. 6063, only refer to where an instrument is sold or transferred for value, and not deposited as collateral security. (*Murphy v. Bartsch,* 2 Ida. 636, 23 Pac. 82.)

[3] A mere indorsement does not operate to transfer or assign a non-negotiable instrument. There must be a delivery. The indorsement of the note contracts, and the placing of the same with the banking institution as collateral security to a general line of credit, gave to such collateral holder the right to collect the money due thereon, at least until such time as the collateral holder was paid in full on the original indebtedness. The interest of the indorser was to see that the obligation was paid so that he would not be called upon to make payment by reason of his indorsement of the collateral notes. The original vendor was interested to the extent that, if the vendee did not make payment as provided for in the note contracts, out of the proceeds of

42 Idaho—27

the sale of the property sufficient money would be received to satisfy the whole indebtedness. The uncontradicted evidence shows that the indorsement of the title contracts to the bank was, as a matter of fact, purely as collateral to a general line of credit, and not as to a particular loan; that the appellant had a great number of notes deposited with the bank; that no record was kept by the bank of the various notes; and that the appellant withdrew or substituted notes at will.

[4] The reservation of title is a protection for the vendor alone, and enables him to pursue the property in case the purchase price shall not be paid when due. The evidence discloses no action of the appellant evidencing his election to treat the sale as absolute. The law looks at the substance of things, not the shadows. The condition as to the retention of title by the seller is for his benefit, and may be waived by acts and conduct showing an intent not to rely on such condition; and the only act respondent charges appellant with, to constitute an election to treat the sale as absolute, is the indorsing of the note contracts and the placing of the same as collateral to a general line of credit. This does not constitute in law an election to treat the sale as absolute. [5] Appellant never ceased to be the equitable owner of the note contracts and while the banking institution had the physical possession, the evidence discloses that appellant, by a mere request, could and did obtain possession of any notes deposited by him which he desired. Under such circumstances, the existence of the pledge, if the same constituted a pledge, is not a matter of which the respondent can avail himself to resist the enforcement of the right conferred upon the appellant by the note contracts. The collateral holder is not here complaining. The fact that appellant guaranteed the payments (namely, by his indorsement) neither added to, nor detracted from, the rights and obligations of the appellant under the note contracts.

[6] I am satisfied that the mere assignment or indorsement for security of conditional sale notes or contracts does not vest in the holder for collateral, more particularly when

the same are indorsed to secure a general line of credit, the title to the property covered by the note contracts, and which title is reserved in the vendor.

The supreme court of the state of Washington follows the rule adopted by this court in the case of *Barton v. Groseclose, supra,* where a conditional sale contract is assigned for value; and in a case where the original seller had deposited the conditional sale contract with its bank as collateral security to a particular loan, the collateral holder instituted action in claim and delivery to recover the property mentioned in the conditional sale contract, and the supreme court of that state had the following to say (*Bank of California v. Danamiller,* 125 Wash. 255, 36 A. L. R. 753, 215 Pac. 321):

"There is, it seems to us, a clear-cut distinction between a purchaser of such a contract and one who receives it only as security. One who purchases outright places himself in the stead of him from whom he purchases. The money he pays represents the value of the property itself, plus the rights of the vendor in the contract. The assignee, being in the shoes of the vendor, must be considered as having taken the title to the property in order that he may comply with the terms of the contract made between the vendor and vendee. The very transaction itself indicates that it was the intention of the parties to transfer the title to the property covered by the contract. . . . .

"But one who takes an assignment of the contract only for the purpose of security is in no true sense a purchaser either of the contract or of the property covered by it. He receives only the right to collect and apply to the payment of the debt secured the money which the vendee has obligated himself to pay. When the debt which the assignment is given to secure has been discharged, the interest of the assignee in the contract is also discharged, and he must surrender it to his assignor. The purpose of the assignment having been accomplished, the interest of the assignee in the contract necessarily ceases. The very nature and pur-

pose of the transaction negatives the idea that the assignee received the actual title. . . . .

"The right of possession of the truck belongs to the person holding the reserved title, and the one right is necessarily tied to and follows the other. Because the appellant took only for the purpose of security, it took neither the title to the truck nor the title to the contract, and, having neither, it could not have either the ownership of the truck or the right to its possession. In other words, the whole transaction amounts to nothing more than an assignment to the appellant of the right to receive, and probably enforce, the payments which the Millers obligated themselves to make."

As to whether or not the respondent has a statutory or common-law lien upon this property, or that the same was pledged to him under the pledge agreement, we need not decide, because whatever right he has to the property is junior and inferior to the rights of the appellant.

The conclusion arrived at makes it unnecessary to discuss the other assignments.

I recommend that the judgment be reversed and a new trial granted.

William A. Lee, C. J., and Budge and Givens, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing or participate in the decision in this case.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded, with instructions to grant a new trial. Costs awarded to appellant.