ROBERT W. POWERS, INC. *vs.* FRANK E. PACKARD.

APRIL 4. 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. Plaintiff delivered to Ella Ferrara in August, 1925, an automobile on a "lease" of the common type called a conditional sale. In it title to the car is reserved in the vendor until the installment notes are fully paid. The purchaser gave twelve notes each for $88, payable monthly and an "overflow" note for $274, payable in three months. Eleven of the monthly notes were paid when due; the twelfth and a renewal of the "overflow" note were outstanding on July 8, 1926. At that time defendant, a deputy sheriff, attached the car in an action against Miss Ferrara. By the terms of the "lease" such attachment gave the vendor the right to retake the car, and as soon as plaintiff learned of the attachment it replevied the automobile.

At the time of issuance of the writ of replevin it is not clear whether plaintiff or a bank had actual possession of a renewal "overflow" note. A bank had actual possession of the twelfth note and the lease and plaintiff acquired them from the bank several weeks later. The exact dealings between the bank and vendor do not appear. Although plaintiff refers to "discount" of the notes, it is plain that the bank did not buy the notes and the lease. Plaintiff owed

money to the bank for advances. Plaintiff indorsed the installment notes in blank and handed them to the bank together with the "lease" without indorsement. The latter was evidently a pledge to secure the bank. Miss Ferrara paid each monthly note as it came due to the Powers Company; the Powers Company turned the money over to the bank, took up the note and returned it to Miss Ferrara. She knew nothing of the bank. Plaintiff paid the twelfth note to the bank, after commencement of this action, and the lease was returned to it by the bank.

Plaintiff's ledger sheet in evidence shows that the transaction was not treated as a closed one between the Powers Company and Miss Ferrara when the notes were indorsed and delivered with the "lease" to the bank. Account was kept on the ledger of the collection of each note and an insurance charge also appears thereon.

At the trial defendant offered no testimony but claimed that by reason of the vendor's dealings with the purchase money notes and "lease" plaintiff had lost title and right to replevy the car. He asked for direction of a verdict. This was denied and plaintiff's motion for direction of a verdict was granted. On exception to these rulings defendant is before this court.

Conditional sales are recognized in Rhode Island. The vendor retains title to the chattel sold; recording is unnecessary. *Arnold* v. *Chandler Motors, Inc.*, 45 R. I. 469; *Lennon* v. *L. A. W. Acceptance Corp.*, 48 R. I. 363.

The facts here plainly established a conditional sale and not a mortgage of the automobile. Says 24 R. C. L., p. 504, §798: "There is decided conflict among the authorities as to the effect of a transfer of a purchase money obligation upon the title reserved in a conditional contract of sale". Three views are taken (1) that title passes to the buyer; (2) that title passes to the transferee of the notes, *Waterbury Trust Co.* v. *Weismann*, 108 Atl. 550 (Conn.); (3) that title remains in the seller.

Our question is are the acts of the parties to be interpreted as showing intention to take title out of the conditional vendor. Nothing done by plaintiff indicates intention to abandon title in favor of Miss Ferrara before she fully paid the purchase money notes. The first view is therefore eliminated. The rights of a partly paid conditional vendor and his vendee are not involved in this case. Unless vendor's title to the automobile had passed absolutely to the bank the present action was maintainable. Title did not pass merely by indorsement of the notes. *Domestic Sewing Machine Co.* v. *Arthurhultz*, 63 Ind. 322; *McMullen Machinery Co.* v. *Grand Rapids Transit Co.*, 239 Mich. 295; *Ensley Lumber Co.* v. *Lewis*, 121 Ala. 94. Irrespective of the equities, if any, between plaintiff and the bank, arising from indorsement and delivery of the notes, legal title to the automobile was not transferred by pledge of the lease. *McPherson* v. *Acme Lumber Co.*, 70 Miss. 649. Delivery of physical possession of the lease as a pledge did not pass title to the car. A pledge of the lease was not a pledge of the car. *Bank of California* v. *Danamiller*, 125 Wash. 255. If the pledge gave the bank any rights to acquire title, they were not enforceable prior to default in the obligation for which the pledge had been given. *Neitzel* v. *Beam*, 42 Idaho, 411. No default occurred. Nothing in this record indicates that vendor, who after transfer might be held as indorser on the notes, had done anything to divest itself of title to the automobile. It therefore had the right to replevin the car upon breach of the "lease". *McDonald Automobile Co.* v. *Bicknell*, 129 Tenn. 493; *Roof* v. *Chattanooga Wood Split Pulley Co.* 36 Fla. 284.

A verdict was properly directed for plaintiff. Defendant's motion for direction of a verdict was properly denied.

Defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Wilson, Churchill & Curtis, Wilford S. Budlong, Clinton G. Clough,* for plaintiff.

*Edmund J. Kelly, Judah C. Semonoff,* for defendant.